## MINOR SHULL v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Division One, May 31, 1909.

1. **APPEAL: Questions Considered: Constitutionality of Statute: No Adverse Ruling.** It is only the adverse rulings of the trial court that can form the basis of a complaint for an appellant on appeal. So that where the trial court gave an instruction for defendant declaring unconstitutional the statute requiring a railroad company to pay its employees every thirty days and doubling the amount due for failure to so pay them, and the judgment for the employee was for only the amount due and defendant alone appeals, the Supreme Court will not consider the constitutionality of that statute.

2. **GARNISHMENT: Suit Pending: Conditional Judgment.** Where a creditor sued an employee in a magistrate's court and the railroad company was summoned as garnishee, and appeal was taken from a judgment in favor of that plaintiff to the circuit court, and pending that suit the same employee sued the railroad company in the circuit court for the amount of wages due him and at the trial the creditor's suit against him was still pending undetermined, the judgment, if for the plaintiff employee against the company, should be so conditioned that execution could not issue thereon and payment thereof be demanded until such time as there is a determination of the garnishment proceeding. Otherwise the company, if unsuccessful as garnishee in that case, would have to pay the wages due twice.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

REVERSED AND REMANDED (*with directions*).

*Martin L. Clardy* and *Edw. J. White* for appellant.

(1) Regardless of the correctness of the holding of the trial court on the invalidity of the garnishment statute, the effect of that holding may be to submit the defendant to a liability in such proceeding, either in that court, or on appeal, and under the holding in How-

land v. Railroad, 134 Mo. 474, the judgment in this case, whether for the wages admitted to be due, or for double such wages, ought to be conditional and not effective until defendant is discharged in such garnishment proceeding. (2) The Laws of Missouri for 1903, giving double wages to employees not paid every thirty days, is unconstitutional; it cannot be upheld as a police regulation, but is an arbitrary classification, without any sound reason therefor. State v. Loomis, 115 Mo. 307; State v. Mo. Tie and T. Co., 181 Mo. 536; State v. Julow, 129 Mo. 163; Railroad v. Ellis, 165 U. S. 154; Railroad v. Wilson (Tex.), 19 S. W. 910; Braceville Coal Co. v. People, 147 Ill. 66; Grand Rapids Chair Co. v. Runnels, 77 Mich. 104. The above cases all refer to similar statutes, in regard to employers and employees and contracts between those occupying that relation and placing burdens or penalties upon the one, for violation of the statutory duty prescribed. Such statutes—and the one involved in this suit—are to to be distinguished from those upheld as police regulations, such as the mine regulation acts, the car fender statutes, the double damage acts, for failure to fence tracks, etc., based upon some police reason for their validity and not being a merely arbitrary classification, such as the Act of 1903, denying to railroads the equal protection of the laws.

GRAVES, J.—Plaintiff sues the defendant for wages as section foreman for fifty-nine days, beginning August 30, 1903, and ending October 27, 1903, at the rate of $1.50 per day, aggregating $88.50. By his second amended petition, upon which the case was tried, he further pleads that since the commencement of the suit the defendant had paid on said account the sum of $45, leaving a balance of $43.50. After these allegations showing that defendant was a railway corporation and plaintiff its employee and the service and wages, the petition thus concludes:

"For which sum the plaintiff prays judgment and asks that the same may be doubled under the act of the General Assembly, entitled, An act to require owners and operators of railroads to pay their employees once in every thirty days in lawful money of the United States, and providing for the violation thereof. Session Acts 1903, at page 220.

"Wherefore plaintiff prays judgment for the sum of $87, it being double the amount earned, with six per cent interest from the 15th day of November, 1903, and for costs of this suit."

Defendant's answer may be summarized thus: First, it admits the employment of plaintiff and that he has not as yet been paid in full. Denies that it owes defendant $43.50 or any other sum, but alleges that it conditionally owed the plaintiff $32.95; that plaintiff had been sued on attachment in Pettis county, Missouri, by C. A. Dircke, before John B. Hughes, J. P., on October 13, 1903, wherein judgment was demanded in the sum of $187.65, in which said suit this defendant had been sued as garnishee and judgment entered against said defendant in said court as garnishee; that defendant had appealed from said judgment to the circuit court of Pettis county, Missouri, in which court defendant had moved the court to dismiss said garnishment proceedings, because the amount claimed was less than $200, which said motion was overruled by the circuit court of Pettis county; that said cause is still pending in said circuit court, but that Dircke, the plaintiff therein, had performed all necessary legal conditions necessary to entitle him to a final judgment against this defendant (the garnishee) in the said sum of $32.95; that the plaintiff herein is only entitled to a conditional judgment for $32.95, to be effective upon the full release and discharge of defendant from said garnishment proceeding. Secondly, defendant denies that plaintiff is entitled to double the amount of the wages due him by virtue of the Act of 1903, plead-

ing the unconstitutionality of said law in appropriate manner and pointing to the constitutional provision, both State and National, alleged to be violated thereby.

By reply, the plaintiff avers that if there was such a proceeding by Dircke against plaintiff before John B. Hughes, justice of the peace in Pettis county, as averred by defendant in its answer, then said proceeding was void and of no force under section 3447, Revised Statutes 1899, and that if defendant answered to said garnishment proceeding it was in violation of section 3448, Revised Statutes 1899.

The reply then admits that at the commencement of the suit the amount due him from the defendant was $32.95 and says said sum is still due him and asks that he have judgment for double the amount as provided by the Acts of 1903, *supra,* and prayed judgment for $65.90.

Trial was had before the court without the intervention of a jury. Plaintiff to sustain his case introduced a stipulation signed by counsel for both parties, by which it was agreed that plaintiff had performed the services mentioned in his petition and that there was a balance due of $32.95. The plaintiff then rested his case.

The defendant then introduced in evidence the record and files in the case of C. A. Dircke v. Minor Shull, in the Justice of the Peace Court of John B. Hughes, in Pettis county, and also those in the circuit court. The proceedings in the justice's court are regular and show a default judgment against the Missouri Pacific Railway Company, garnishee, in the sum of $187.65 and costs. And this record also shows an appeal by said garnishee to the circuit court of Pettis county.

The records in the circuit court show that the Missouri Pacific Railway Company filed its motion to dismiss said garnishment proceeding against it, because upon the face of the transcript it

appeared that the amount sued for was less than $200, and that the garnishee had been served with garnishment notice long prior to the rendition of any judgment against Minor Shull, the defendant in such case.

This record also shows the interrogatories filed in the Pettis Circuit Court by Dircke, and also a motion for judgment by Dircke, which motion is to the effect following:

"Comes now plaintiff, C. A. Dircke, and moves the court that whereas plaintiff having heretofore filed interrogatories in this cause, and the defendant, the Missouri Pacific Railway Company, garnishee, having failed to exhibit and file his answer thereto on oath within six days as required by section 3446.

"Therefore plaintiff moves the court that the plaintiff be given judgment by default against said Missouri Pacific Railway Company, garnishee, as provided in said section 3446 and section 3449, Revised Statutes of Missouri of 1899.

"And plaintiff asks that such judgment be rendered in his favor notwithstanding the provisions of section 3447 and section 3448, Revised Statutes of Missouri of 1899, which last mentioned statutes are unconstitutional being in conflict with section fifty-three of article four of the Constitution of the State of Missouri, which provides that 'the General Assembly shall not pass any local or special law,' and that 'the General Assembly shall not pass any local or special law granting to any corporation, association or individual any special or exclusive right, privilege or immunity.'"

It was then admitted that the Pettis county case was still pending at the time of the trial of this cause.

Plaintiff requested no declaration of law and none were given for him. For the defendant the court gave the following:

"The court declares that the Session Laws of Missouri for 1903, page 220, giving double damages

against a railroad company for a failure to pay its employees every thirty days, is unconstitutional and void, being contrary to section 30 of article 2 of the Constitution of Missouri, and contrary to section 53 of article 4 of the Constitution of Missouri, and contrary to the Fourteenth Amendment of the Constitution of the United States, in that it deprives the defendant and its employees of their property without due process of law; denies them the right to make a lawful contract in a lawful way and deprives the defendant and its employees of the equal protection and provision of the laws as citizens of the United States and is class legislation."

And the court refused to give the following:

"2.   The court declares the law to be that if it shall find from the evidence in this case that prior to the institution of this action against the defendant, by the plaintiff, the defendant was summoned in an attachment suit in the justice court of Esq. J. B. Hughes, in Pettis county, to answer as garnishee to an indebtedness which plaintiff owed one C. A. Dircke, in the sum of $187.65, and that a judgment in said sum was afterwards rendered against the plaintiff in this action and a judgment rendered against this defendant as garnishee in said cause, on which an appeal was taken by this defendant to the circuit court of Pettis county, Missouri, where said garnishment is still pending, then this court can only render a conditional judgment for the amount of $32.95, the amount due the plaintiff in this action against this defendant, said judgment to be valid and operative only on the discharge of the defendant as garnishee in said action pending in Pettis county, Missouri.

"3.   The court declares the law to be that section 3449 of the Revised Statutes of Missouri for the year 1899 is unconstitutional and void for the reason that the same is contrary to and in conflict with section 53

of article 4 of the Constitution of Missouri; and, therefore, the court declares the law to be that a garnishment against the defendant in the justice court in Pettis county was not void on account of the plaintiff in said garnishment suit not having previous to the said garnishment reduced his claim to judgment against defendant in the said garnishment proceeding.''

Judgment was entered for plaintiff in the sum of $35.05, from which said judgment, after unsuccessful motions for new trial and in arrest of judgment, the defendant has appealed.

I. By its answer the defendant attacked the constitutionality of an act of the General Assembly approved February 23, 1903, entitled: ''An Act to require owners and operators of railroads to pay their employees once in every thirty days in lawful money of the United States, and providing a penalty for violation thereof.'' [Laws 1903, p. 220.]

The trial court at the instance of defendant gave a declaration of law declaring that act to be unconstitutional and the judgment entered shows that such act was so considered by the court. Plaintiff abided the judgment of the trial court upon the question of the constitutionality of that act and was satisfied with a judgment for the amount of his wages without having them doubled as by that act provided. This question is not therefore before us on this appeal. It is only the adverse rulings of the court, *nisi*, that can form the basis of complaint for an appellant here. So that as the trial court took defendant's view of this particular question, we shall not go into the extensive brief upon the point made here. By not appealing, plaintiff has conceded that the lower court was not in error when it held this act to be unconstitutional, and this must suffice the defendant in this case, without further adjudication by our court. We reserve our judgment on this statute until it is lodged in a concrete case.

II. The next point raised is that the judgment below, even though it be for plaintiff, should have been so conditioned that execution could not issue thereon and payment thereof demanded until such time as there was a determination of the attachment proceeding in the circuit court of Pettis county, and a discharge of the defendant as garnishee in that court. By its answer the defendant pleaded all the facts as to the pendency of that suit and all the steps therein taken. By its proof the pendency thereof was shown. By its answer the court was asked to render a conditional judgment protecting the defendant, and by instruction number 2, refused by the court, it again asked such protection from the court. The refusal of this instruction is charged as error. The judgment is an unconditional judgment and should the defendant, as garnishee in the Pettis county case, be unsuccessful there, then the defendant would have to pay these wages twice. Such a result is wrong and ought not to be upheld by any court. The identical question was discussed by SHERWOOD, J., in the case of Howland v. Railroad, 134 Mo. 474. In the Howland case, the plaintiff sued the defendant for $31.20 on account of wages. Prior to this suit an attachment suit had been instituted against Howland by a creditor in a justice's court in the State of Iowa. In that case the railway company had been summoned as garnishee, and said attachment proceeding was pending and undetermined. Notwithstanding these facts were made to appear in the Howland case, the circuit court of Grundy county entered up an unconditional judgment in favor of Howland for $31.20 and the defendant appealed. After a review of all the cases Judge SHERWOOD concludes an exhaustive opinion in this language: "Upon consideration we are of the opinion that the ends of justice can be best attained by following the course authorized by the courts in Vermont, Alabama, California and Geor-

gia. To allow the defendant in the second suit to plead the attachment in the first in abatement, would frequently lead to unavoidable embarrassment, because, as suggested in the Massachusetts case, peradventure no judgment might ever be rendered in the attachment suit, and consequently the plaintiff in the second suit would have his suit abated and he be mulcted in costs, and then have to renew his suit perhaps after great delay. Guided by these reasons, we reverse the judgment and remand the cause with directions to the circuit court to enter judgment for plaintiff for the amount due him, to-wit, $31.20, and grant a stay of execution so as to protect the defendant garnishee as hereinbefore indicated."

The Vermont rule as stated by Judge SHERWOOD is: "Substantially the same end is attained in Vermont by giving judgment in favor of the creditor, the attachment defendant, against the garnishee, with stay of execution until the garnishee is released from the garnishment."

In the more recent case of Virginia Fire & Marine Ins. Co. v. New York Carousal Mfg. Co., 40 L. R. A. 1. c. 239, the Supreme Court of Virginia has elaborately collated both lines of cases on the proceeding in such cases, and the great weight thereof is with the views expressed by this court in the Howland case. The judgment in the case at bar is therefore erroneous in its present form.

III. It is urged in the briefs that section 3449, Revised Statutes 1899, is unconstitutional, and this question is in the record by the refusal of instruction number 3 requested by defendant. The instruction is evidently a misprint as to the section. Defendant was evidently either leveling its gun at section 3447 or section 3448 or both, which prohibits attachments before judgment where the sum claimed is less than $200, and which were added to our Chapter 33, pertaining to

garnishment, by the revision of 1899. But, be this as it may, it is not necessary to pass upon the question in this case in view of the conclusions we have reached as to the judgment which should be rendered.

We are of opinion, as indicated by our paragraph two, that this judgment should be reversed with directions to the lower court to enter up a judgment for plaintiff for the sum of $35.05, as of the date when this judgment was originally entered, but conditioned that no execution shall issue thereon until such time as the defendant may be fully discharged as garnishee in the case of C. A. Dircke v. Minor Shull in the circuit court of Pettis county, Missouri, and further conditioned that, if in the Pettis county case the defendant here and garnishee therein shall be held for a sum equal to or greater than this judgment, then the same shall be satisfied of record upon a proper showing made.

Judgment reversed and cause remanded with directions aforesaid. All concur.