[No. 10094.   Department One.   August 23, 1912.]

J. D. FINLEY, *Respondent*, v. WESTERN EMPIRE INSURANCE COMPANY OF WASHINGTON, *Appellant*.[1]

INSURANCE—ACCEPTANCE OF POLICY—EVIDENCE—SUFFICIENCY. An acceptance by the assured of a policy of fire insurance issued to take the place of another, is shown, notwithstanding the assured retained the other policy, where the assured at the time of the fire had no knowledge of the attempted substitution which was arranged by an agent acting as factor for both parties; and on being consulted, after the fire, informed the defendant company that he proposed to hang on to all of the policies.

INSURANCE—DEFENSES—ESTOPPEL—PARTICIPATION IN ADJUSTMENT. A fire insurance company admits its liability and is estopped to claim that the policy was not accepted or in force, where it issued and delivered the policy August 22, dating its liability from August 20, and accepted proofs of a loss occurring August 21, and participated in an adjustment based on the validity of four policies that relieved it of one-fourth of its liability, and issued its check therefor.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered May 11, 1911, in favor of the plaintiff upon withdrawing the case from the jury, in an action on a fire insurance policy. Affirmed.

*Charles P. Lund*, for appellant.

*W. W. Zent* and *D. W. Henley*, for respondent.

[1]Reported in 125 Pac. 1012.

CHADWICK, J.—On August 20, 1910, plaintiff held three policies of insurance covering a certain stock of lumber. These policies were written by the New Brunswick, Glenn Falls, and Fireman's Fund insurance companies, each policy being for the sum of $2,500. The New Brunswick company, being desirous of cancelling its policy, notified its local agents at Spokane to inform the assured of its intention. Instead of acting under the terms of the policy, which called for a five-day notice, the agents, Rogers & Rogers, who seem to have been factors in behalf of the insured as well as the company, immediately set about to secure another contract in lieu of the one the New Brunswick company desired cancelled. This they secured from the defendant, the Western Empire Insurance Company of Washington, on August 20th. The policy was dated August 22, 1910, but was not actually issued and delivered to plaintiff until the 23d. The property was destroyed by fire on the 21st of August. After the fire, a surrender of the New Brunswick policy was demanded. Plaintiff refused to surrender it, but held both. The loss was thereafter adjusted by an independent adjuster, and the loss apportioned between the four companies. Defendant drew its check for the amount awarded by the adjuster—$1,233.79—and sent it to plaintiff, but stopped payment thereon prior to its presentment at the bank. Upon plaintiff's motion, the case was withdrawn from the jury, and the court adjudged, as a matter of law, that plaintiff was entitled to recover.

This appeal is prosecuted in reliance upon the assertion that the policy of the appellant was not delivered or accepted by the insured prior to the fire, and therefore there can be no liability. Appellant had no notice of the purpose of Rogers & Rogers to cancel the New Brunswick policy and substitute therefor appellant's policy, until after the fire. There were no conditions or limitations attending the contract. It was made in the usual way, and the policy issued in due course, and was made by an attached slip to date from August 20, 1910. The record hardly justifies the assumption that re-

spondent did not accept the policy of appellant. It shows rather that he accepted it and held it subject to his legal rights in the matter, which, so far as the New Brunswick company is concerned, were adjudicated in *Finley v. New Brunswick Fire Ins. Co.*, 193 Fed. 195. Appellant's agent called on Mr. Finley after the fire, to ascertain whether he intended to make a claim against appellant. He states the substance of the conversation to be that,

"If he had been consulted in the matter, he would have allowed the New Brunswick policy to have been cancelled on the ground that he had shipped out a sufficient amount of lumber to have reduced its value so that the five thousand dollars would practically cover it, but that he had not been consulted and had no knowledge of the issuance of the Western Empire policy nor any knowledge of a requested cancellation of the New Brunswick; but being that the adjuster had been on the ground and had adjusted the loss and had taken into consideration the fact of there being $10,000 insurance, that he proposed to hang on to all of the policies, as he did not propose to fall between the two stools, that is between the New Brunswick and the Western Empire."

This falls far short of showing a refusal to accept, and when taken in connection with subsequent events, we think appellant was clearly bound to meet its engagement. It issued its policy, dating its liability from August 20; it had delivered the policy and knew of the destruction of the property at the time the loss was adjusted; it accepted proof of loss and participated in an adjustment which proceeded upon the theory that there were four valid policies; it accepted an award that relieved it of one-fourth of its liability, and issued its check therefor. These facts are an admission of liability, and clearly estop appellant from maintaining its allegation, that "it was without notice or knowledge of the fact that said plaintiff had refused to accept said policy, and that the same was not in force at the time of the loss." 19 Cyc. 803.

The case of *Stebbins v. Lancashire Ins. Co.*, 60 N. H. 65,

while seemingly in point, is to be distinguished from the case at bar. That case turned on the fact that dealings between insurance agents with reference to placing a risk, and the writing of a policy to take the place of one which the company desired cancelled, were ineffectual to terminate the contract until notice had been given to the assured. Before that was done, the property was destroyed by fire, and it was correctly held that the liability of the cancelling company being fixed by the destruction of the property, there was no liability on the part of the defendant. Or, as stated, "after the liability of the company has become absolute, notice of their previous election to terminate the risk was of no effect." If notice had been given, and the substituted policy been tendered and accepted, the judgment of the court would, no doubt, have been for the defendant. Here Rogers & Rogers, acting as agents for respondent, secured the new policy in order to effect a substitution, so as to keep the property insured up to $7,500, which, considering the whole record, we think they were authorized to do. Their act was the act of, and their knowledge was the knowledge of, the respondent, and the time limit on the notice of cancellation, being for the benefit of the assured, was waived when they contracted for other insurance. The New Brunswick policy had no binding force after August 20, for the reason that the agreement to take appellant's policy was in legal effect an acceptance of it. In *Ferguson v. Northern Assurance Co.*, 26 S. D. 346, 128 N. W. 125, there was no oral contract for the policy sued on, nor did the assured have notice of the policy. The contract, lacking the element of acceptance, was incomplete, and the court held that a recovery could not be sustained. Other cases are cited by appellant, but they do not militate against the judgment of the trial court.

Affirmed.

GOSE, PARKER, and FULLERTON, JJ., concur.

MORRIS, J. (concurring)—I concur for the reason that this action was brought upon the check. I find no valid

defense in appellant to such an action under the circumstances under which it was given. I express no opinion as to appellant's liability had the check not been given and the action brought on the policy.