# CHARLESTON.

HOLLYWOOD LUMBER & COAL CO. *et al.* v. DUBUQUE
FIRE & MARINE INS. CO.

Submitted May 1, 1917. Decided May 22, 1917.

1. INSURANCE—*Power of Agent—Substitution of Policy.*

If an agent of an insurance company be authorized by the insured to keep his property covered in a stipulated sum, notice to such agent of the cancellation of a policy is sufficient to authorize him to write or procure for the insured another policy as a substitute for the one cancelled. (p. 608).

2. SAME—*Cancellation of Policy—Notice—Waiver.*

Notice of an intention to cancel a policy of insurance as required thereby is for the benefit of the insured and may be waived by him or his authorized agents. (p. 608).

3. SAME—*Cancellation of Policy—Condition Precedent.*

Where the premium on a policy of fire insurance has not been paid return thereof is not a condition precedent to the right to cancel the policy. (p. 608).

4. SAME—*Cancellation of Policy—Substitution—Delivery.*

Where the agent of an insurance company is also constituted agent of the insured to keep his property insured for a stipulated amount, and notice of cancellation of one of the policies is given him by the insurer, and another policy is procured by the agent as a substitute for the one cancelled, the substituted policy will become effective according to the agreement and the terms of the policy without actual delivery thereof to the insured. (p. 608).

5. SAME — *Cancellation and Substitution — Unauthorized Agency — Ratification.*

And though such substituted policy may have been procured by an agent unauthorized, his unauthorized act may be subsequently ratified by his principal. (p. 609).

6. SAME—*Agency—Notice of Cancellation—Substitution of Policy.*

While notice of cancellation to an agent to solicit or procure insurance is not notice to the insured of such cancellation, nevertheless if such agent be also authorized by the owner to keep the property insured for a sum certain he is thereby given implied authority to accept notice of the cancellation of a policy written or procured by him, and to write or procure another policy as a substitute for the one cancelled. (p. 609).

7. SAME—*Agency for Insured—Waiver of Notice of Cancellation.*

And with such authority to keep the property insured for a specified sum, implied authority is thereby conferred to also waive the five days notice of cancellation thereby prescribed, and to substitute another policy therefor effective according to the agreement and the terms of the policy. (p. 610).

8. SAME—*Notice of Cancellation—Waiver—Ratification.*

Without such authority to waive notice of cancellation the assured may ratify, even after a loss has occurred, the unauthorized act of his agent in accepting such notice. (p. 611).

Error to Circuit Court, Braxton County.

Action by the Hollywood Lumber & Coal Company and others against the Dubuque Fire & Marine Insurance Company. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Brannon, Stathers & Stathers,* for plaintiff in error.

*Young & McWhorter,* for defendants in error.

MILLER, JUDGE:

In an action upon a policy of fire insurance, all matters of law and fact were, by agreement, submitted to the court in lieu of a jury. The court found for plaintiffs, and pronounced the judgment complained of. The present writ of error to review that judgment was awarded upon the petition of the defendant company.

Besides the general plea prescribed by statute, and the general plea of non assumpsit, defendant proposed, by two special pleas tendered, to otherwise put in issue the validity of the policy sued upon. The substance of these pleas is that plaintiffs had not at or prior to the time of loss procured the policy to be written; nor had it then been delivered to or accepted by them or either of them; but that at the time of the loss the policy of the Saint Paul Fire and Marine Insurance Company, notice to cancel which had been given its agents, was still in force, and that the policy of defendant sued on, intended as a substitute therefor, had not been received or accepted by plaintiffs, and was not then in force.

The rejection of these pleas is the first point of error relied upon. We do not think the facts averred therein conclusive of the rights of the parties. Moreover, defendant was given the full benefit of the matters alleged in these pleas, by evidence thereof admitted on the trial, and could not have been prejudiced by the ruling of the court in rejecting them.

The facts are not controverted. Briefly, they are these: The firm of Edwards & Edwards, were general insurance agents, at Weston, West Virginia. They represented a number of insurance companies, including defendant and the St. Paul company. In May, 1912, they solicited plaintiffs, and by agreement wrote insurance as follows: $12,000.00 on a saw mill, and property attached to or operated in connection therewith; $20,000.00 on lumber; and $5,000.00 on the commissary, distributing the amounts among several companies, including the St. Paul company. This insurance was renewed in the same companies when it expired in 1913, but the St. Paul company, early in July, following, gave notice to Edwards & Edwards to cancel its policy. This policy contained the usual provisions requiring five days notice to the

insured of such cancellation, which, in this instance, was not given by the agents directly to the insured.

At the time of writing the original insurance, plaintiffs had a distinct agreement with Edwards & Edwards, agents, to keep the mill property insured, to the amount of $12,000.00, leaving it to them to select the companies and the amounts of insurance to be written in each company; and on receipt of the notice from the St. Paul company, in July, 1913, to cancel their policy, these agents obtained special permission from Alfred Paull & Sons, state agents, at Wheeling, to substitute a policy in the defendant company, for that of the St. Paul company, covering the same property, and for the same amount, to be effective immediately, and accordingly the policy sued on, of July 8, 1913, effective from twelve o'clock noon of that day, to twelve o'clock noon, of July 8, 1914, was immediately written, and mailed the same day by Edwards & Edwards, agents, to the assured at Palmer, West Virginia, with a letter requesting that the St. Paul policy be returned to them for cancellation.

The fire destroying the property occurred at 12:15 the same night, before the policy was received by the assured out of the post office the following day. An attempt was made to return the St. Paul policy to these agents for cancellation, but by mistake a policy in another company was returned instead, but the St. Paul policy was on the same day delivered to Edwards & Edwards personally, and the policy sent by mistake returned to plaintiffs. The St. Paul policy was then stamped "Cancelled" by the agents as of the 8th day of July, 1913, the day on which the policy in the defendant company was written as a substitute.

The policy of the St. Paul company, as does the policy sued on, contains the general provision that the premium having been actually paid, the unearned portion shall be returned on surrender of the policy or last renewal. The premium on the St. Paul policy had not been actually paid, but charged by the agents to the account of the assured, and on return of the policy the unearned portion of the premium was credited back to plaintiffs. Plaintiffs not being fully advised of their rights, gave notice of the loss to both companies, and

filed proofs of loss with each of them, and each denying its. liability, action was brought against both, with the result in the case against the Dubuque company already stated.

On the merits, the first point of error is, that inasmuch as. the policy of the defendant company was agreed upon as a substitute for the policy of the St. Paul company, and notice of the cancellation of the latter, and return of the premium thereon, had not at the time of the fire been received by the assured, or the policy of the defendant received or accepted by them, its policy was not in force and no right of action ever accrued thereon. But if, as we hold, Edwards & Edwards were agents for the assured to keep their property covered to the amount stipulated, notice to them of the cancellation was sufficient, at least to authorize them to substitute another policy for the one cancelled. So that so far as. the proposition involves the question of notice, it and the authorities cited therefor are inapplicable.

. Moreover, notice to the insured of an intention to cancel a policy as required thereby is for the benefit of the insured, and may be waived by him. *Kelley* v. *Aetna Insurance Co.,* 75 W. Va. 637; *Warren* v. *Franklin Fire Ins. Co.,* 161 Iowa 440; *Rosen* v. *German Alliance Ins. Co.,* 106 Me. 229, 76 Atl. 688; *Finley* v. *Western Empire Ins. Co.,* 69 Wash. 673, 125 Pac. 1012.

On the second branch of the proposition, failure to return the unearned premium, no premium was ever paid. Where the premium has not been paid return thereof is not a condition precedent to the right to cancel the policy. *Finley* v. *New Brunswick Fire Ins. Co.,* 193 Fed. 195; 1 May on Insurance, section 67K; *Buckley* v. *Citizens Ins. Co.,* 188 N. Y. 399, 13 L. R. A. (N. S.) 889; *Davidson* v. *German Ins. Co.,* (N. J.) 13 L. R. A. (N. S.) 884; 2 Clement on Fire Insurance, 407, rule 12, and authorities cited; 12 Am. & Eng. Anno. Cas. 1069, note.

On the third arm of the proposition, that the policy had not at the time of the fire been received or accepted by the plaintiff; if Edwards & Edwards were agents also of the plaintiffs to keep the property insured, and to procure other policies for policies cancelled, as we hold, actual delivery

to plaintiffs of the substituted policy was unnecessary to make it effective and put it into force. With authority undisputed to keep the property insured, and with special authority in this case to substitute defendant's policy for the policy cancelled, the substituted policy became effective immediately by agreement, although not delivered to the insured until after the fire. The contract being complete, delivery of the policy was unnecessary to make it effective. Vance on Insurance 173, 175; *Franklin Fire Ins. Co.* v. *Colt,* 20 Wall. 560; *Newark Machine Co.* v. *Kenton Ins. Co.,* 22 L. R. A. 768; *Wilson* v. *German-American Ins. Co.,* 90 Kans. 355.

In the case at bar, moreover, Edwards & Edwards, as agents of the Dubuque company, on the day of its issue, mailed the policy to the insured, and thereby parted with all dominion over it, and if they had had no previous authority from the insured to substitute the one policy for the other, their unauthorized act might be subsequently ratified by their principals. *New York Life Ins. Co.* v. *Babcock,* 104 Ga. 67, 69 Am. St. Rep. 134, and note, page 153; *Dailey* v. *Preferred Masonic Mut. Accident Ass'n.,* 102 Mich. 289, 26 L. R. A. 171; *Travelers' Fire Ins. Co.* v. *Globe Soap Co.,* 122 Am. St. Rep. 22; *Triple Link, etc., Asso.* v. *Williams,* 77 Am. St. Rep. 34; *Fidelity Mut. Life Ass'n.* v. *Harris,* 86 Am. St. Rep. 813; *Todd* v. *German-American Ins. Co.,* (Ga.) 59 S. E. 94.

But did Edwards & Edwards, with undisputed authority to keep the property of plaintiff insured, as stated, have right to accept notice of cancellation by the St. Paul company, and to substitute for its policy the policy of the defendant company? It is conceded that notice of cancellation to an agent to solicit or procure insurance is not notice to the insured of such cancellation; that his authority ends with the contract of insurance. Many authorities for this proposition are cited by counsel. But the proposition thus stated is inapplicable; it does not cover the case presented here. The question here is whether an agent who is not only authorized to procure insurance, but to keep the property of the insured in the first instance continually insured up to the specific amount, and to that extent is constituted the agent of the insured,

may accept notice of cancellation of a policy procured or written by him as agent, and substitute therefor another policy for the cancelled policy, without notice for the required time to the insured. The authorities affirming this proposition are abundant. *Phoenix Ins. Co. v. State*, 76 Ark. 180; *Schauer v. Queen Ins. Co.*, 88 Wis. 561; *Michigan Pipe Co. v. Michigan F. & M. Ins. Co.*, 92 Mich. 482; *Dibble v. Northern Assurance Co.*, 70 Mich. 1; 14 Am. St. Rep. 470; *Arnfeld & Son v. Guardian Assur. Co.*, 172 Pa. St. 605; *Huggins Cracker, etc. Co. v. People's Ins. Co.*, 41 Mo. App. 530; *Finley v. New Brunswick Fire Ins. Co., supra;* 22 Cyc. 1447, and note 55; *Jackson v. Fire Ass'n. of Philadelphia*, 13 N. Y. S. R. 257; *Todd v. German-American Ins. Co. supra; Wilson v. German-American Ins. Co., supra; Finley v. Western Empire Ins. Co., supra; Hamm Realty Co. v. New Hampshire Fire Ins. Co.*, 80 Minn. 139; *Buick v. Mechanics' Ins. Co.*, 103 Mich. 75; *Aetna Ins. Co. v. Renno*, 50 So. 563. The case here is distinguishable from *Lusk v. American Central Ins. Co.*, 80 W. Va. 39, recently decided by this court. The authority of the agent in that case was limited to procuring or writing the insurance; no special authority to act as agent for the assured in keeping the property insured was involved.

But say we are wrong in affirming the proposition just stated, the notice required by the policy being for the benefit of the insured, may be waived by him. In this case Edwards & Edwards were agents, not only of the insurers, but of the assured, to keep the property fully covered. It is not controverted that under this authority they made a specific agreement with the general agents to substitute the Dubuque for the St. Paul policy. With authority to keep the property insured, we think they had implied authority to waive the five days notice, and to make the substituted policy effective at once by agreement, and thereby to cancel the policy in the St. Paul company. *Miller v. Insurance Co.*, 54 W. Va. 344; *Kelley v. Insurance Co., supra;* 2 Clement on Fire Insurance, 427, rule 44; *Larsen v. Thuringia Am. Ins. Co.*, 208 Ill. 166; *Phoenix Ins. Co. v. State, etc.*, 6 Am. & Eng. Anno. Cas. 440; *Finley v. New Brunswick Fire Ins. Co., supra;* 22 Cyc. 1447.

But if we concede that before receipt and acceptance of the substituted policy of defendant plaintiffs would have had the right to reject it, or to refuse to surrender the St. Paul policy, within the five days specified in the policy, they certainly had the right to ratify the act of the agent, which they undertake to do in this case. It is contended, however, that they were not permitted to do this after the fire, so as to place the burden upon the defendant and to the relief of the St. Paul company. Why not? True, the one policy being intended as a substitute for the other, both could not be enforced, but having so agreed, why should defendant's policy not be substituted for that of the St. Paul company. If the principals subsequently ratified the supposed unauthorized act of their agent, defendant should not be heard to complain. Moreover, it is well settled by abundant authority that a principal may ratify the unauthorized act of his agent even after the fire. 2 Clement on Fire Insurance 427, rule 44, citing *Larsen* v. *Thuringia American Ins. Co., supra,* and *Arnfeld & Son* v. *Guardian Assur. Co., supra;* 1 Joyce on Insurance, section 642; *Todd* v. *German-American Ins. Co., supra;* Richards on Insurance Law, (3rd ed.) 391.

For the foregoing reasons we are of opinion to affirm the judgment.

*Affirmed.*