STERLING FIRE INSURANCE COMPANY *v.* COMISION REGULADORA DEL MERCADO DE HENEQUEN.

[No. 24,025.    Filed March 11, 1924.    Rehearing denied June 25, 1924.]

1. PRINCIPAL AND AGENT.—*Scope of Agent's Authority.*—One person cannot be the agent of both contracting parties in the same transaction.  p. 35.

2. INSURANCE.—*Fire Insurance.—Agency.—Scope of Authority. —Cancellation of Policy.—Waiver of Notice.*—If a general insurance agent or broker is authorized by the insured to accept notice of cancellation of one policy and to substitute a policy in another company therefor, the agent is acting only for the insured. in waiving or accepting notice of cancellation.  p. 35.

3. INSURANCE.—*Fire Insurance.—Agency.—Scope of Authority. —Cancellation of Policy.—Substitution of Other Policies.*—If an insurance agent is merely employed to procure or write insurance, he has no authority to consent to the cancellation of a policy obtained by him and substitute another in its place.  p. 36.

4. INSURANCE.—*Fire Insurance.—Agency.—Scope of Authority. —Transfer of Risk.*—If an agent who represents several insurance companies is authorized by the owner of property not merely to procure insurance, but to keep the property insured, he has authority to transfer the risk to another company represented by him on notice from the first company in which the risk was placed to cancel.  pp. 36, 37.

5. INSURANCE.—*Fire Insurance.—Agency.—Scope of Authority. —Complaint.—Sufficiency.*—In an action on a written binder of fire insurance where it appears from the allegations of the complaint that the insured's agent was authorized not merely to procure insurance but was to maintain and keep it in effect, *held* sufficient to show the agent authorized to accept cancellations of the first policies and substitute others therefor.  p. 37.

6. INSURANCE.—*Fire Insurance.—Agency.—Scope of Authority. —Question of Fact.*—Whether an agent for a fire insurance company, who was employed by the insured to procure and maintain insurance for him, was authorized to accept cancellations and procure other insurance, the question of what the parties intended by the language used, *held* a question of fact for the jury to be determined from the language used and attending circumstances, no particular form of expression being necessary to give an agent such authority.  p. 37.

7. INSURANCE.—*Fire Insurance.—Agent's Authority.—Cancellation of Policy.—Reinsurance.—Evidence.—Sufficiency.*—In an

Sterling Fire Ins. Co. *v.* Comision Reguladora—195 Ind. 29.

action on a written binder of fire insurance, evidence *held* sufficient to sustain allegations of the complaint that the insured's agent had authority not merely to write but to maintain insurance, and to act in any respect that was necessary to carry out the intention of the parties.　p. 38.

8.　INSURANCE.—*Fire Insurance.—Written Binders.—Delivery.—Validity.*—Actual delivery of a written binder of insurance to the insured is not necessary in order to render the insurance effective.　p. 39.

9.　INSURANCE.—*Fire Insurance.—Policy.—When Complete.—Delivery.*—A contract of insurance is complete when the contract is executed by the insurer or its authorized agents with intention to be bound, even though the policy remains in the hands of the insurance agent to be delivered to the insured, and if the insurance agent is also the agent of the insured to keep the property covered, a substituted contract is complete without actual delivery to the insured.　p. 39.

10.　INSURANCE.—*Fire Insurance.—Parol Contract.—Validity.*—A contract for fire insurance may be in parol.　p. 39.

11.　INSURANCE.—*Fire Insurance.—Payment of Premiums.—Condition Precedent.—Recovery.*—Where the parties had not expressly agreed when the premiums on a fire insurance binder should be paid and a reasonable time had not elapsed before the loss occurred, *held* if the insurer denied liability, and the amount of the claim for the loss exceeded the amount of the premium, neither the payment nor tender of the premium was a condition precedent to recovery.　p. 39.

12.　INSURANCE.—*Fire Insurance.—Payment of Premiums.—Implied Agreement.*—Where a fire insurance agent in the procuring of insurance was acting as the agent of the insured, the law would imply an agreement by the insured to pay the premium.　p. 40.

13.　INSURANCE.—*Fire Insurance.—Action of Policy.—Instructions.—Scope of Agents Authority.—Customs and Usages.*—In an action on a written binder of fire insurance, an instruction that a custom and usage of the insurance business that is in effect and does not contravene a rule of law or alter or contradict the terms of the contract is deemed a part of the contract, if so far known and established that the contract was made with reference to it, *held* proper where the evidence tended to prove the existence of a general custom that when an agent was given authority to place and maintain insurance, he had a right to cancel and rewrite it.　p. 40.

14.　INSURANCE.—*Fire Insurance.—Action on Policy.—Instruction.—Cancellation of Policy.—Agents Authority.*—In an action on a written binder of fire insurance, where the jury found

Sterling Fire Ins. Co. v. Comision Reguladora—195 Ind. 29.

the insured's agent was authorized to both procure and maintain insurance for the insured before the loss occurred, held there was no error in giving and refusing to give instructions relating to ratification of such acts after the loss or relating to cases where the only authority was to procure insurance. p. 41.

15. APPEAL.—*Review.—Instructions.—Harmless Error.*—Where all pertinent instructions requested by appellant and refused were covered by other instructions given, such refusal was not error. p. 41.

16. APPEAL.—*Review.—Admission of Evidence.—Harmless Error.*—In an action on a written binder of fire insurance where the complaint alleged that after the fire the insured ratified the acts of its agent in canceling the first binder and securing another, the admission in evidence of conversations had after the fire between insured's agents and agents of the insurer, who issued the written binder, to show that insured's agent insisted that the binder was valid and the acts of the insurer's agent were ratified, held the admission was harmless, in view of the fact that the jury found that the insurer's agent was authorized before the fire to procure and maintain the insurance for the insured and all elements of insured's case were established by uncontradicted evidence. p. 41.

17. ACTION.—*Motion to Stay Proceedings.—Action in Foreign Court.*—In an action on a written binder of fire insurance, after verdict and before judgment the overruling of appellant's motion to stay proceedings until determination of certain actions pending in the courts of a foreign state against the insurer, in which the insurer was joined as a garnishee defendant, held not error, as such action did not affect the insurer's right to a judgment in this case. p. 42.

18. APPEAL.—*Review.—Striking Out Interrogatories.—Harmless Error.*—In an action on a written binder of fire insurance, the striking out of certain interrogatories relating to the amount of recovery was not error, where the parties had entered into a stipulation agreement, that if the insured was entitled to recover at all the amount should be a certain sum, which was the amount of the verdict. p. 43.

19. APPEAL.—*Review.—Interrogatories.—Failure to Answer.—Harmless Error.*—Where all competent matters embraced in interrogatories were fully disclosed by the evidence, and answers thereto would not have changed the result, held appellant not harmed by failure to secure answers to interrogatories which were unanswered. p. 44.

20. APPEAL.—*Review.—Sustaining Demurrer to Paragraph of Answer.—General Denial.—Harmless Error.*—In an action on

a written binder of fire insurance, the sustaining of a demurrer to a paragraph of answer, wherein it is alleged that warehouse receipts had been issued for the insured property and were outstanding when the fire occurred, and that the insured had never paid any premium for such insurance, *held* not error, since it only denied the insured's ownership, and there was on file a general denial, and the allegation that no premiums had been paid was unnecessary as a paragraph of answer alleging that no consideration had been paid for the contract was filed. p. 44.

From Marion Circuit Court (A31,670); *Harry O. Chamberlain,* Judge.

Action by the Comision Reguladora Del Mercado De Henequen against the Sterling Fire Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Burke G. Slaymaker,* for appellant.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson* and *Albert L. Rabb,* for appellee.

GAUSE, J.—This is an action by appellee against appellant upon a written binder of fire insurance which covered certain sisal owned by appellee and stored in a warehouse in Indianapolis. Said sisal was damaged by a fire which occurred July 1, 1919. The cause was submitted to a jury, which found for appellee in the sum of $8,402.78, and judgment was rendered upon the verdict for that sum. There is no dispute as to the amount of the recovery, if appellee is entitled to recover at all.

The cause was tried upon an amended complaint in one paragraph, in which it was alleged in substance, that the appellee is a corporation under the laws of the Republic of Mexico and engaged in the sale of sisal. That appellant is a corporation engaged in the business of insuring property against loss by fire. That the O. J. Smith Realty Company was the regular agent of appellant and certain other insurance companies, and au-

thorized to issue policies of fire insurance, and to execute binders by which property was insured against loss by fire prior to the issuance or delivery of policies. That at the times involved appellee was the owner of a stock of sisal located in a described warehouse in Indianapolis. That said sisal was of the value of $400,000.

That Gregory and Appel was a corporation engaged in the business of writing fire insurance and also as an insurance broker. That appellee arranged with Gregory and Appel to insure and keep insured said sisal and also to broker such insurance, but gave no instructions to place such insurance in any particular companies. That thereafter on June 23, 1919, Gregory and Appel arranged with said O. J. Smith Company to place and maintain $50,000 of insurance on said property with no instructions to write it in any particular company. That it was the regular custom and course of business between said two companies that, in the event any fire insurance company with whom the whole or any part of such risk was placed should cancel the same, said O. J. Smith Company should have authority to procure other insurance without notice to insured or to Gregory and Appel. That on June 23, 1919, said O. J. Smith Company issued a binder on said property for $25,000 in the Insurance Company of North America. That on June 26, 1919, said insurance company instructed said O. J. Smith Company to cancel the same. That on June 27, 1919, said O. J. Smith Company struck out from said binder the name of the Insurance Company of North America and inserted in lieu thereof the following: "6/27 L. & L.," which indicated that the London and Lancashire Fire Insurance Company accepted insurance on said property for said sum. That on the following day the last named company ordered said O. J. Smith Company to cancel said binder and thereupon

said O. J. Smith Company wrote on said binder the
following: "6/28/19 N. U. 15,000., Ster. 10,000.,"
which indicated that the National Union Fire Insurance
Company insured said property in the sum of $15,000
and that appellant insured the same in the sum of
$10,000. That on July 1, 1919, said property was dam-
aged by fire and the amount of loss and amount claimed
to be due on appellant's policy is set out. That in ac-
cepting the cancellation of said binders of the Insurance
Company of North America and the London and Lan-
cashire Fire Insurance Company said O. J. Smith Com-
pany was acting for appellee and that it had full power
so to do.

A copy of said binder is set out, in which it is stated
that the contract is made subject to all the conditions
of the New York Standard form of policy, which re-
quires a five days' notice to cancel. That proof of loss
was made and claim therefor presented to appellant,
and that appellant denied all liability therefor. That
after the fire appellee approved and ratified the action
of said O. J. Smith Company in accepting cancellation
of said former binders. That for many years prior to
June 23, 1919, there had been a general widespread,
uniform and well-known custom and usage in the fire
insurance business in the United States, of which appel-
lant at such time had full knowledge, that an insurance
agent, who was authorized by the insured to place and
maintain insurance, without instructions as to any par-
ticular company, had authority to accept cancellation
of a policy and substitute other insurance therefor, with-
out other notice to the insured.

Appellant's demurrer to this complaint was overruled
and the question presented by this ruling is decisive of
many of the questions raised by appellant upon this
appeal.

Appellant insists that the facts averred show that

the O. J. Smith Company was acting for the Insurance Company of North America and also for appellee when it attempted to cancel said binder first issued by it, and that said O. J. Smith Company could not act in such a dual capacity and its acts therein were void. That it could not be authorized by appellee to act for it in waiving notice of cancellation of such insurance, since the O. J. Smith Company was the agent of the insurance company. That therefore no notice of cancellation was ever given by said insurance company to appellee, or its duly authorized agent, and the first binder issued was still in effect when the fire occurred; also, that the authority of said O. J. Smith Company ended when the first binder was issued and it had no authority to act for appellee in procuring other insurance.

Appellant depends upon the general rule that one person may not be the agent of both contracting parties in the same transaction. Appellant has correctly

1. stated the general rule, but is in error in attempting to apply it to the facts in this case. We find that the question here involved is not a new one.

By the great weight of authority it is held that if a general insurance agent or broker is authorized by the insured to accept notice of a cancellation of one

2. policy and to substitute a policy in another company therefor, the agent is acting only for the insured in waiving or accepting such notice of cancellation. That is, the agent acts for the insurance company when he issues or executes the contract of insurance, and for the insured when he accepts notice of cancellation and selects another company. The above is true only when the insured has authorized the agent to accept notice of cancellation and select another company.

When an insurance agent is merely employed to procure or write insurance, he has no authority to consent to the cancellation of a policy so obtained by him and

substitute another in its place, since it is held that 3. the authority conferred upon him is exhausted by his procurement of the first policy; in other words, he has done all he was employed to do. Many of the cases cited by appellant are to this effect.

If an agent who represents several companies is authorized by the owner of property not merely to procure or write insurance, but is also authorized or 4. employed to keep the property insured, it is generally held that such agent has authority to transfer the risk to another company represented by him on notice from the first company in which the risk is placed to cancel.

In the case of *Johnson* v. *North British, etc., Ins. Co.* (1902), 66 Ohio St. 6, 63 N. E. 610, it was said by the Supreme Court of Ohio: "Indeed it has been so often held that an insurance agency, representing several companies, with authority to act on applications and issue policies, as well as to cancel the same in proper cases, may also act as the agent of the insured in waiving notice of cancellation and in accomplishing the delivery of a new policy when substituted for the one cancelled, that the proposition may be regarded as settled law." As sustaining the foregoing, see: *Hollywood Lumber, etc., Co.* v. *Dubuque Fire, etc., Co.* (1917), 80 W. Va. 604, 92 S. E. 858; *Walton* v. *Norwich Union Fire Ins. Soc.* (1919), 213 S. W. (Tex.) 230; *Jackson* v. *Fire Assn. of Phil.* (1887), 13 N. Y. St. Rep. 257; *Hamm Realty Co.* v. *New Hampshire Fire Ins. Co.* (1900), 80 Minn. 139, 83 N. W. 41; *Allemania Fire Ins. Co.* v. *Zweng, Trustee* (1917), 127 Ark. 141, 191 S. W. 903; *Finley* v. *Western Empire Ins. Co.* (1912), 69 Wash. 673, 125 Pac. 1012; *Dibble* v. *Northern Assur. Co.* (1888), 70 Mich. 1, 37 N. W. 704, 14 Am. St. 470; *Warren* v. *Franklin Fire Ins. Co.* (1913), 161 Iowa 440, 143 N. W. 554, L. R. A. 1918E 477; *Wilson* v. *German*

MAY TERM, 1924. 37

Sterling Fire Ins. Co. *v.* Comision Reguladora—195 Ind. 29.

*American Ins. Co.* (1913), 90 Kans. 355, 133 Pac. 715; *Bond* v. *National Fire Ins. Co.* (1918), 83 W. Va. 105, 97 S. E. 692; 2 Joyce, Insurance 1482.

It sufficiently appears from the allegations of the complaint that said O. J. Smith Company was authorized not merely to procure insurance, but also 5. to maintain and keep such insurance in effect, and under the facts averred, it was authorized to accept cancellation of the first binders issued and substitute others therefor.

The complaint is sufficient.

The next question to be considered is whether the evidence is sufficient to sustain the allegations of the complaint as to the authority of said O. J. Smith Company.

As we have seen above, it is recognized that the insurance agent may be authorized by the insured to act as his agent in accepting notice of cancellation 4, 6. and procuring other insurance, so the determination of the question of what authority the insurance agent had as the representative of the insured turns upon the contract between the insured and such agent.

The cases cited above sustain the proposition that an agent authorized by the insured to place *and maintain* insurance is thereby authorized to accept a cancellation and procure other insurance. It has been held that the insured's expression to an agent to *carry* a certain amount of insurance may be sufficient to constitute him the agent of the insured in this respect. No particular form of expression need be used to give an agent such authority. It is solely a question of what the parties intended by the words used. In addition to the words used the surrounding circumstances are to be considered and from what was said, under the circumstances, the jury is to determine, as it determines any other fact, what the arrangement between the par-

38  SUPREME COURT OF INDIANA,

Sterling Fire Ins. Co. *v.* Comision Reguladora—195 Ind. 29.

ties was. *Todd* v. *German American Ins. Co.* (1907), 2 Ga. App. 789, 59 S. E. 94.

The evidence in this case clearly establishes that Gregory and Appel had authority from appellee to write, cancel and rewrite insurance on this property.

7. It is not necessary to set out the evidence in detail, but it is sufficient to say that from the. directions given by appellee's agent to Gregory and Appel and from the fact that Gregory and Appel did cancel and rewrite insurance on said property and appellee knew of such course, before the loss occurred and acquiesced in it, the jury was fully warranted in finding such authority. Gregory and Appel were also authorized to broker such insurance on said property as they could not carry themselves and from the facts in evidence the jury was warranted in believing that Gregory and Appel had authority to see that such insurance was carried and maintained. There is also evidence from which the jury could have found that prior to the placing of this insurance with the O. J. Smith Company by Gregory and Appel, how long prior not being material, the two agencies had agreed that any insurance placed with one of said agencies by the other was to be maintained and kept in force by the one writing the insurance, and that this insurance was placed with the O. J. Smith Company with such an understanding. The evidence discloses that Gregory and Appel, as the agent of appellee requested the O. J. Smith Company to place $50,000 of insurance on this property. That the O. J. Smith Company selected the companies in which it was to be written and thereupon issued binders as alleged in the complaint. The evidence then discloses the cancellation of the first binder and the attempt to substitute the appellant as insurer, substantially as alleged. Considering the circumstances surrounding the transaction and the arrangement theretofore made between said

insurance agencies covering transactions of this kind, the jury was justified in believing that when Gregory and Appel placed such insurance with the O. J. Smith Company it was understood between such companies, that the last named company was authorized not merely to write, but to maintain such insurance, and to act for appellee, the principal of Gregory and Appel, in any respect that was necessary to carry out such understanding.

It is also urged that the evidence is insufficient because the binder was never delivered to appellee. Actual delivery of the binder to appellee was not necessary in order to render the insurance effective. A contract of insurance is complete when the contract is executed by the insurer or its authorized agent with the intention to be bound, even though the policy or contract remains in the possession of the insurance agent for the purpose of being delivered to the insured, and if the insurance agent is also the agent of the insured to keep the property covered, a substituted contract of insurance is complete without being actually delivered to the insured. *Dibble* v. *Northern Assur. Co., supra; Hamm Realty Co.* v. *New Hampshire Fire Ins. Co., supra;* 26 C. J. 58, and cases cited.

The contract would be binding if no written contract had been executed or delivered. The contract may be in parol. *The Commercial Union, etc., Co.* v. *State, ex rel.* (1888), 113 Ind. 331; 26 C. J. 43, note 88.

Neither is the payment nor tender of the premium a condition precedent to a recovery by appellee. The parties had not expressly agreed when the premium should be paid and a reasonable time for the payment had not elapsed when the loss occurred. Thereafter appellant was denying all liability thereunder and the amount due exceeded the amount

of the premium. *American Horse Ins. Co.* v. *Patterson* (1867), 28 Ind. 17; *Prudential Ins. Co.* v. *Sullivan* (1901), 27 Ind. App. 30; *Queen Ins. Co.* v. *Hartwell Ice Co.* (1910), 7 Ga. 787, 68 S. E. 310.

No express agreement to pay the premium was necessary. If the O. J. Smith Company in procuring the insurance was acting as the agent of the appellee, 12. the law would imply an agreement to pay the premium.

Complaint is made of the court's instructions Nos. 10 and 11, it being claimed that in such instructions the court assumed that the O. J. Smith Company was given power to place and maintain insurance for appellee. We do not think the instructions are susceptible of this construction; the court did not assume any disputed fact as established but only told the jury what the law would be under certain facts. The jury by answers to interrogatories found such facts to exist, and the court's statement of the law under such facts was correct.

There was evidence tending to prove the existence of a general custom which recognized that when an agent was given authority to place and maintain 13. insurance he had the right to cancel and rewrite the same. The court's instruction No. 12 was on this subject and told the jury that a widespread, uniform, continuous and well-settled, long existing usage and custom of the insurance business, that is in effect and does not contravene a rule of law or alter or contradict the terms of a contract is deemed to form a part of such contract, if it is so far known and established that the contract was made with reference to it. This is well recognized as a correct statement of the law. *Buick* v. *Insurance Co.* (1894), 103 Mich. 75, 61 N. W. 337; *Hamm Realty Co.* v. *New Hampshire Fire Ins. Co.,* *supra.*

Appellant questions the correctness of certain in-

MAY TERM, 1924.    41

Sterling Fire Ins. Co. *v.* Comision Reguladora—195 Ind. 29.

structions given at the request of appellee and also objects to the refusal to give certain ones requested by appellant.  It could serve no useful purpose to consider each of these questioned instructions separately.

The court in giving and refusing instructions adopted the law as held in this opinion and our disposition of the questions heretofore considered determines many of the objections on the instructions.

The jury found by answers to interrogatories that the O. J. Smith Company was authorized to both procure and maintain insurance for appellee, before the 14. loss occurred, so that there could be no error in either giving or refusing instructions relating to ratification of such acts after the loss or relating to cases where the only authority was to procure insurance.

We have examined all questioned instructions given and all refused and find no harmful error therein.  All pertinent instructions requested by appellant and 15. refused were covered by other instructions that were given.

The disposition of the questions heretofore discussed disposes of most of the questions regarding the admission of evidence, and we find no cause for reversing the cause on account of any ruling which is pointed out in appellant's statement of points.

The complaint alleged that after the fire appellee had ratified the acts of the O. J. Smith Company in canceling the first binders and securing other 16. insurance.  The court admitted evidence of conversations had after the fire, between Gregory and Appel, who represented appellee, and the O. J. Smith Company, to show that Gregory and Appel for appellee were insisting that appellant's binder was valid and that the acts of the O. J. Smith Company in procuring it were ratified.  Even if this evidence was not

42    SUPREME COURT OF INDIANA,

Sterling Fire Ins. Co. *v.* Comision Reguladora—195 Ind. 29.

admissible, yet, in view of the fact that the jury found in answers to interrogatories that the O. J. Smith Company was authorized before the fire, to procure and maintain this insurance, and since all necessary elements of the appellee's case were established by clear evidence, which was uncontradicted so far as it might have been affected by the evidence objected to, we would not be justified in reversing the cause, on account of the reception of such evidence. Appellant was not harmed thereby.

After the verdict was returned and before judgment, the appellant filed a motion asking the court to stay all further proceedings in said cause until the determination of certain actions pending in the courts of the State of Louisiana against the appellee, in which actions the appellant had been joined as a garnishee defendant, it appearing that the actions in Louisiana were filed after the beginning of the suit at bar. The court overruled this motion. We think this action of the court was not error. Of course the appellant should be protected against having to pay its debt to appellee twice, but we do not believe the bringing of subsequent suits in another state could affect the appellee's right to a judgment in this case, although it might affect the appellee's right to issue an execution during the pendency of such other suits. If proper application is made, after judgment, to stay execution, where the same debt is sought to be garnisheed in another state, then an entirely different question would be involved. In such a case there is ample authority for the court to act to protect the rights of the garnishee. *Howland* v. *Chicago, etc., R. Co.* (1896), 134 Mo. 474, 36 S. W. 29; *Shull* v. *Missouri, etc., R. Co.* (1909), 221 Mo. 140, 119 S. W. 1086; *Virginia Fire, etc., Ins. Co.* v. *New York, etc., Co.* (1898), 95 Va. 515, 28 S. E. 888, 40 L. R. A. 237.

If the appellant is compelled to pay the judgment in this cause, then it would have protection against further proceedings in Louisiana. *Virginia Fire, etc., Ins. Co.* v. *New York, etc., Co., supra.* We think appellee was entitled to proceed to judgment in this cause, unaffected by the subsequent suits. It would seem that appellant has ample remedies to protect itself from having to pay the debt twice.

The disposition of the questions heretofore considered render unnecessary any discussion of the appellant's motion for judgment on the answers of the jury to certain interrogatories.

Complaint is made of the action of the court in striking out certain interrogatories which appellant sought to require appellee to answer. Those questioned

18. in appellant's brief under Points and Authorities related to the value of the property destroyed, cost of replacement and as to whether the property was incumbered by mortgage, deed of trust or otherwise pledged, and if so, the amount thereof.

These interrogatories only were pertinent as to the amount of recovery. Even if the property were pledged, that fact alone would not constitute such a change of ownership as would avoid the insurance in this case; the owner would still have the right to recover the value of his loss. It does not appear that there was any stipulation against incumbering the property. *Nussbaum* v. *Northern Ins. Co.* (1889), 37 Fed. 524, 1 L. R. A. 704; 19 Cyc 694.

The appellant was not harmed by the striking out of interrogatories relating to the amount of recovery because the parties hereto entered into a stipulation agreeing that if appellee was entitled to recover at all the amount should be $8,402.78, the amount of the verdict.

Furthermore, it is apparent from an examination of

the pleadings and evidence that appellant was not harmed by the failure to secure answers to any of the interrogatories which were unanswered.

All competent matters embraced in such interrogatories were fully disclosed by the evidence, and it is apparent that the answering of the interrogatories would not have changed the result. *Meyer, Admr.,* v. *Manhattan Life Ins. Co.* (1896), 144 Ind. 439.

Error is assigned because of the sustaining of a demurrer to the seventh paragraph of answer. In this answer appellant alleged as an answer to the entire cause of action that warehouse receipts had been issued for said sisal and that certain of said receipts were held by other persons than appellee and were outstanding when the fire occurred; also that appellee never paid any premium or thing of value for such insurance.

So much of this answer as sought to show that appellee was not the sole and unconditional owner of the property was only a denial of the complaint, which alleged ownership in appellee and there was on file a general denial.

The part of the answer alleging that no premium had been paid was rendered unnecessary by reason of the fact that there was on file a sixth paragraph of answer alleging that no consideration had been paid for the same.

This case has been very fully and ably presented by counsel on each side and many questions are referred to in the briefs which we have not particularly discussed, because they were dependent upon the questions we have decided.

The judgment is affirmed.

Ewbank, C. J., not participating.