performed any active duties in connection with the firm. It is not surprising, and it is not evidence of bias, that in view of all these facts and the situation and arrangement of the rooms it was suspected that among the activities of the firm were gambling and lottery operations. Nor should it condemn the hearing as unfair that the inspector in his report said:

"It seems that some air of mystery has pervaded this place ever since I have been in the city, and while applications of alleged members of the firm have invariably been approved, I am not satisfied that the partnership list is a bona fide one."

And it does not seem to us that the inspector's suspicions as to the character of the firm were groundless, or that the expression of them renders the hearing unfair.

The judgment is affirmed.

---

## MAY v. HARTFORD FIRE INS. CO.

(Circuit Court of Appeals, Second Circuit. December 17, 1923.)

No. 116.

1. **Insurance ⬄130(1)—Broker's attempted substitution of insurers, without notice to insured or his brokers, held not valid.**

Owner of a house employed B. & B., insurance brokers, to secure $125,-000 of fire insurance. K. & Y., other insurance brokers, accepted $50,000 of this insurance and gave a "binder" of $25,000 in each of two companies, of which they were agents. Both companies objected to the amount, and K. & Y., without notifying B. & B., or owner, reduced the amounts on their own record and substituted insurance in defendant company and in another company for the amount of the reduction. Defendant repudiated the action of K. & Y. prior to acceptance of the substitution by owner or B. & B. *Held*, that the substitution was not valid, and defendant company was not liable for any part of a loss.

2. **Trial ⬄382—Rule as to findings where case tried before jury of one.**

Where both sides consent to a trial before a jury of one, and each side moves for direction of a verdict at the conclusion of the evidence, the record will merely read that the jury of one finds a verdict by direction, and plaintiff's submitted findings need not be considered.

In Error to the District Court of the United States for the Southern District of New York.

Action by Charles H. May against the Hartford Fire Insurance Company. Both sides consented to a trial before a jury of one, and each side moved for a direction of the verdict at the conclusion of the evidence. Judgment was entered on a verdict directed for defendant, and plaintiff brings error. Affirmed.

The opinion of Judge Learned Hand below was as follows:

Percy S. Straus, the owner of a country house, employed Benedict & Benedict, insurance brokers, to secure for him fire insurance in the sum of $125,-000. On October 1, 1919, Gallagher, an employee of Benedict & Benedict, asked Barthold, an employee of the firm of Kirkland & Yardley, to accept $50,000 of this insurance in companies which Kirkland & Yardley represented; they being insurance agents authorized to "bind" a number of well-known compan-

ies. Barthold accepted, and wrote upon a "binder," which Gallagher presented to him, the names of the Insurance Company of North America and 'Scottish Union & National Insurance Company of North America for $25,000 each. Gallagher took off the "binder," upon which he 'secured the balance of the required insurance in other companies. Barthold at once reported his underwriting to the office of Kirkland & Yardley, and they communicated it to the two companies whose names had been used. Each company made timely objection to Kirkland & Yardley as to the amount of the risk, and asked that it be reduced. Kirkland & Yardley, without advising Benedict & Benedict or Straus, changed the amount upon their own record by reducing the Scottish risk to $15,000 and that of the Insurance Company of North America to $12,500. In order to keep Straus insured to the full amount, again without notice to Benedict & Benedict or Straus, they substituted upon the same record an insurance of $10,000 and $12,500 in two other companies, whose agents they were, one of which is the defendant.

Later, and before any policies had been delivered to Benedict & Benedict, the house was burned. Benedict & Benedict at once sent out notices of loss to the only companies which at the time they knew, i. e., those on the "binder," but were met by a notice from Kirkland & Yardley that the insurance had been changed as stated above. Benedict & Benedict refused to accept the change, or the policies later tendered by Kirkland & Yardley conformably with it. They sent to Kirkland & Yardley two checks for the premiums correctly figured on the two insurances, together with their proofs of loss; but these Kirkland & Yardley returned, standing upon the substitutions made on their records. Thereafter the defendant, being advised of the circumstances, repudiated the action of Kirkland & Yardley, both by notice to them and to Straus. After the defendant's repudiation the Insurance Company of North America paid to Kirkland & Yardley its proportion of the adjusted loss on the basis of an insurance of $12,500. In addition, it lent to Kirkland & Yardley a sum equal to the remaining part of the loss, on condition that Kirkland & Yardley should repay it, if they recovered from any third party, meaning, of course, the defendant. Thereupon Kirkland & Yardley paid the whole adjusted loss to Benedict & Benedict, and Straus ratified the policy made by Kirkland & Yardley in the defendant's name, and assigned his rights under it to Benedict & Benedict, who in turn assigned it to Kirkland & Yardley, who finally assigned it to the plaintiff.

[1] The plaintiff's theory is that Kirkland & Yardley had the right to reapportion the risks upon their books, releasing the original two companies pro tanto, and substituting the defendant. They argue that, until the insurance, had, as it were, finally come to stable rest in the hands of willing insurers, the service on which they were employed was not complete, and that the work was not done for which they had been engaged. The defendant answers that the contract was complete as soon as Barthold wrote the names on the "binder" and Gallagher took it away; that, assuming that Straus might ratify the offer made by Kirkland & Yardley in the defendant's name, this must have been done before it was withdrawn, which it was, while Straus, through Benedict & Benedict, was still insisting upon the insurance as written in the "binder." It appears to me altogether plain that the defendant must succeed. A contract was concluded by offer and acceptance when Barthold signed the "binder"; he being a duly accredited agent of the companies which he bound. Neither of those companies gave to Benedict & Benedict any notice of cancellation before the loss, and admittedly neither could do so thereafter.

Obviously the only possible theory by which the contract could be changed was that Kirkland & Yardley were agents of Straus to keep him continually insured. When the insured applies directly to an agent of several companies, and gets from him a promise of general and continuous protection against fire, it is indeed abundantly settled that the agent acts for both sides, and the courts have been at some pains to show that the apparent opposition of interest will not invalidate any substitutions he may make. Thus if, having underwritten the loss in some company which proves unwilling, such an agent accepts a cancellation and underwrites the risk in another company of which he is equally an agent, the courts enforce the substitution. Warren v. Insur-

ance Co., 161 Iowa, 440, 143 N. W. 554, L. R. A. 1918E, 477; Ætna Ins. Co. v. Renno, 96 Miss. 172, 50 South. 563; Wilson v. Insurance Co., 90 Kan. 355, 133 Pac. 715; Allemania Ins. Co. v. Zweng, 127 Ark. 141, 191 S. W. 903; Larsen v. Thuringia Amer. Ins. Co., 208 Ill. 166, 70 N. E. 31; Todd v. German Amer. Ins. Co., 2 Ga. App. 789, 59 S. E. 94; Hollywood L. & C. Co. v. Dubuque F. & M. Ins. Co., 80 W. Va. 604, 92 S. E. 858; Dalton v. Norwich Union F. Ins. Co. (Tex. Com. App.) 213 S. W. 230; Benedict & Benedict v. Security Ins. Co., 147 App. Div. 810, 133 N. Y. Supp. 165, affirmed without opinion 214 N. Y. 701, 108 N. E. 1089.

But in all these cases the companies' agent had been commissioned by the insured to give him general coverage, and it was only on this theory that the decision was reached. There is, it is true, an exception in the first reason given in Todd v. German Amer. Ins. Co., supra, but with all deference I cannot accept it. Insurance is a contract, and the analogy between a policy and a chattel for sale is obviously unsound. In the case at bar the situation was altogether different. Straus did not ask Kirkland & Yardley to procure his insurance; for that he employed Benedict & Benedict. They were his agents and his only agents; it was to them that he looked to keep him covered and them he could have held for a negligent performance of their duties. They contracted with Kirkland & Yardley, not as subagents who should keep the risk covered, but as agents of the two companies they "gave up." That made a contract about which nothing further remained to be done, unless, of course, it were canceled by notice to the insured.

No communication between these companies and their agents, Kirkland & Yardley, had the least effect upon Straus' rights, as Benedict & Benedict properly insisted when the situation was first disclosed to them after the fire. Each party dealt at arms' length, and it would have been impossible for Straus to charge Kirkland & Yardley with a breach of duty, so long as they had actual authority to underwrite the risk in the two companies which they "gave up." Perhaps it is true that Straus might have accepted Kirkland & Yardley's offer of a policy from the defendant, substituting it pro tanto for the contracts which he had accepted. Instead, he rejected the offer repeatedly. Assuming that the offer continued, despite these rejections, at least when the defendant, overriding Kirkland & Yardley, gave notice directly that it would be party to nothing of the sort, that offer expired. When, therefore, Benedict & Benedict finally tried to accept the offer, there was none to accept, and no contract issued. The case seems to me too plain for further discussion.

[2] The plaintiff has submitted findings, but in a case tried like this the record merely reads that the jury of one finds a verdict by direction.

Verdict directed for the defendant.

Richards & Affeld, of New York City (George Richards and D. W. Richards, both of New York City, of counsel), for plaintiff in error.

Frederick T. Case, of New York City, for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Judgment affirmed on Judge Learned Hand's opinion.