CHARLES E. WILLIS, Appellant, *v.* METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Negligence — liability of a street railway company, whose conductor strikes one who, contrary to his direction, has boarded the car — employment of an unfit person as conductor.*

The complaint in an action to recover damages for personal injuries alleged that "The plaintiff lawfully attempted to board an east-bound car of the defendant upon 14th street at or near its intersection with Fourth avenue * * * and while so lawfully attempting to board the defendant's said car, the defendant's conductor in charge of said car negligently, carelessly and recklessly interfered with said plaintiff, by reason whereof said plaintiff was thrown from said car into the street and severely injured." It also alleged that "the defendant's conductor in charge of said car was an incompetent, unfit and unsuitable person for the duties of street car conductor, and the defendant knew or should have known of his incompetence, unfitness and unsuitability for the said position and was negligent in employing and continuing to employ him in the said position of street car conductor," and that the "accident happened solely through the negligence of the defendant and of its agents, servants and employees and without any negligence whatever on the part of the plaintiff."

Upon the trial the plaintiff gave evidence tending to show that, on the day of the accident, he attempted to board one of the defendant's cars, but that he was told by the conductor of the car to go away, as there was no room; that as the car started, the plaintiff, seeing that there was plenty of room, ran after it and sprang upon the rear platform; that after he had remained there for a few seconds the conductor said to him, "Didn't I tell you there was no room here?" and struck him with his fist, knocking him to the pavement and causing him to sustain severe injuries.

The court struck out all testimony tending to show an assault by the conductor upon the plaintiff, and finally dismissed the complaint on the ground that the cause of action set forth in the complaint was for negligence, while the cause of action sought to be proved was for an assault.

*Held,* that, once the relation of carrier and passenger is entered upon, the carrier is answerable for all consequences resulting to the passenger from the willful misconduct or negligence of the persons employed by it in the execution of the contract of carriage;

That, whether the action was one for negligence or for an assault, the liability of the defendant being the same in both cases, the plaintiff was entitled to have his case submitted to the jury;

That, if the plaintiff was a passenger upon the defendant's car, there was an implied contract on the part of the defendant to carry him safely, and that the assault committed upon him by the conductor was, in law, a negligent act on the part of the defendant;

That there was evidence from which the jury could have found, in accordance
with the allegation of the complaint, that the conductor was an unfit and
unsuitable person for the position of conductor, and that, if they did so find,
the company would be liable for the injuries sustained by the plaintiff.

APPEAL by the plaintiff, Charles E. Willis, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Kings on the 2d day of January, 1902,
upon the dismissal of the complaint by direction of the court after
a trial at the Kings County Trial Term, and also from an order,
entered in said clerk's office on the 16th day of December, 1901,
denying the plaintiff's motion for a new trial made upon the
minutes.

*Thomas P. Wickes* [*Charles R. La Rue* with him on the brief],
for the appellant.

*Theodore H. Lord* and *Henry A. Robinson* [*Charles F. Brown*
with them on the brief], for the respondent.

WOODWARD, J. :

The plaintiff's complaint alleged : " The plaintiff lawfully
attempted to board an east-bound car of the defendant upon 14th
street at or near its intersection with Fourth avenue   *   *   *   and
while so lawfully attempting to board the defendant's said car, the
defendant's conductor in charge of said car negligently, carelessly
and recklessly interfered with said plaintiff, by reason whereof said
plaintiff was thrown from said car into the street and severely
injured." The evidence of the plaintiff tended to show that at about
eight o'clock in the evening of July 28, 1900, the plaintiff in com-
pany with one Kemp, who appears as a witness, was at the corner
of Fourteenth street and Fourth avenue waiting for an east-bound
horse car which was approaching on the southerly track on Four-
teenth street; that the car stopped at the corner and three or four
persons got off and one or more got on. The plaintiff started to get
on, but was told by the conductor that there was no room, to go
away. The car started, and as the rear of the car passed the plain-
tiff he saw that there was plenty of room on the car, and as it was
moving slowly he ran after it twenty feet or more, grasped the
handle on the body of the car with his right hand and the handle

on the dashboard with his left, and sprang upon the step with both feet, obtaining a solid footing, and remained there as a passenger for a few seconds. While in this position the conductor said to him, "Didn't I tell you there was no room here?" and with his fist he struck plaintiff in the neck, knocking him from his position of safety upon the car step to the pavement, where he struck upon the back of his head, sustaining serious injuries. The learned court, on defendant's motion, excluded some testimony in reference to the conductor's striking the plaintiff; struck out other similar testimony as soon as it was given; struck out all of the testimony of the witness Kemp tending to show an assault by the conductor, and finally dismissed the complaint on the ground that the complaint was for damages for negligence and that the proof sought to be introduced was for an assault. The plaintiff took an exception, and moved for a new trial, this motion being denied.

Under the provisions of section 723 of the Code of Civil Procedure the court is admonished that "in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party;" and "where the amendment does not change substantially the claim or defense" the court is authorized to conform the pleading or other proceeding to the facts proved. The facts proved in this case, or at least the evidence from which the jury might reach this conclusion, were that the plaintiff had succeeded in getting on board of the defendant's car, with the intention of becoming a passenger, and whether the action was one for negligence or for an assault the liability of the defendant was the same, and the pleading sufficiently stated that the accident or injury to the plaintiff resulted from the negligent, careless or reckless conduct of the defendant's servant while engaged in the transaction of the master's business, and the plaintiff was entitled to go to the jury upon the questions thus presented. If the plaintiff was lawfully upon the defendant's car, with the intention of becoming a passenger, there was an implied contract on the part of the defendant to carry him safely, and an assault committed upon the plaintiff by the defendant's servant while in the discharge of the duty which the defendant owed to the plaintiff was in law a negligent act on the part of the defendant. "Negligence," say the court

in *Nicholson* v. *Erie Railway Co.* (41 N. Y. 525, 529), " consists in the commission of some lawful act in a careless manner, or in the omission to perform some legal duty, to the injury of another." (*Splittorf* v. *State of New York*, 108 N. Y. 205, 213.) When the defendant permitted its servant to commit an assault upon the plaintiff, while a passenger, by which the latter was injured, it omitted a legal duty which it owed to the plaintiff, and was thus brought squarely within the rule above laid down. "It is conceded," say the court in *Stewart* v. *Brooklyn & Crosstown R. R. Co.* (90 N. Y. 590, 591), "that any injury arising from the mere negligence of the servant constitutes a breach of the contract. Had the driver, while executing the contract, carelessly and negligently injured the plaintiff, the defendant's liability would not have been doubted. Can it be less a breach of the contract that the injury was intentionally inflicted? An act which would amount to a breach of the carrier's contract, if negligently done, would be equally a breach if done willfully and maliciously. It is immaterial whether a breach of contract results from the negligence or willfulness of the defendant's agent. (*Weed* v. *Panama R. R. Co.*, 17 N. Y. 362.) It is the injury that was suffered by the plaintiff, while in the defendant's car, and not the motive which induced it that constitutes the gist of the action. No reason exists for holding a master liable for the negligence of servants in his employment which does not, with equal force, preclude him from alleging intentional default of the servant as an excuse for not performing a duty which he has undertaken. In the former case the negligence of the servant is that of the master, and that is the ground of the master's liability; in the latter the act of the servant is the act of the master, the motive of the servant making no difference in regard to the legal character of the master's default in doing his duty. In the present case the master had undertaken to transport the plaintiff safely. He was injured while on the defendant's car by the act of the agent to whom the defendant had intrusted the execution of the contract. It is the defendant's failure to carry safely and without injury that constitutes the breach, and it is no defense to say that that failure was the result of the willful or malicious act of the servant."

In the case at bar the plaintiff has likewise pleaded that "the defendant's conductor in charge of said car was an incompetent,

344 WILLIS *v.* METROPOLITAN STREET R. CO.

unfit and unsuitable person for the duties of street car conductor, and the defendant knew or should have known of his incompetence, unfitness and unsuitability for the said position and was negligent in employing and continuing to employ him in the said position of street car conductor," and that the "accident happened solely through the negligence of the defendant and of its agents, servants and employees and without any negligence whatever on the part of the plaintiff." Clearly if the jury believed the story told by the plaintiff there was evidence to show that the conductor was a brutal and unfit person to be in charge of a car, and under well-established rules the company was liable for the injury sustained by the plaintiff. "A railway company selects its own agents at its own pleasure, and is bound to employ none except capable, prudent and humane men." (*Stewart* v. *Brooklyn & Crosstown R. R. Co.*, 90 N. Y. 588, 593, and authorities there cited.)

The rule is well settled that, once the relation of carrier and passenger is entered upon, the carrier is answerable for all consequences to the passenger of the willful misconduct or negligence of the persons employed by it in the execution of the contract which it has undertaken toward the passenger. (*Palmeri* v. *M. R. Co.*, 133 N. Y. 261, 265, 266, and authorities there cited; *Hart* v. *Metropolitan Street R. Co.*, 65 App. Div. 493, 495.) The plaintiff, having produced evidence showing that he had reached a place of safety upon defendant's car, and that he was knocked off and injured by the defendant's servant in charge of such car, was entitled to go to the jury on the question of the negligence of the defendant in failing to safely carry him. The pleading may have been defective in technical language or in logical statement, but, as against a demurrer or a motion of this character at the trial, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment. (*Kain* v. *Larkin*, 141 N. Y. 144, 150.) It cannot be doubted that the complaint did allege that the plaintiff was lawfully attempting to board the defendant's car, and that he had succeeded, for it is said that he was "thrown from said car into the street," and he could not have been thrown from the car unless he had accomplished his lawful effort to board the car. His evidence shows that he was upon the car, and the complaint should have been deemed to have been

amended in accordance with the facts established for the purposes of the motion to dismiss.

The conclusion here reached is not in harmony with the case of *Block* v. *Third Avenue R. R. Co.* (60 App. Div. 191), although it is possible to distinguish the cases on the substance of the matters pleaded, but that case does not appear to have considered the question of the defendant's neglect to safely carry its passengers or the authorities which are here cited upon this point. We believe the weight of authority holds that a passenger upon the cars of a common carrier is entitled to be safely transported, and that any act on the part of the defendant's servants in carrying out this contract, whether carelessly done, or done with personal malice on the part of the servant, which results in injury to the plaintiff, must charge the carrier with liability, and that the cause of action, whether for the assault or for negligence, is properly maintainable against the carrier. (*Stewart* v. *Brooklyn & Crosstown R. R. Co.*, 90 N. Y. 588, 592, 593, and authorities there cited; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 id. 117, 122; *McCann* v. *Sixth Avenue R. R. Co.*, 117 id. 505, 510; *Palmeri* v. *M. R. Co.*, 133 id. 261, 265; *Hart* v. *Metropolitan Street R. Co.*, 65 App. Div. 493, 495, and authorities there cited; *Lake Shore & Michigan Southern Railway Co.* v. *Prentice*, 147 U. S. 101, 109, and authorities there cited; *Mulligan* v. *N. Y. & R. B. R. Co.*, 129 N. Y. 506, 512, citing the *Stewart Case, supra; Magar* v. *Hammond*, 54 App. Div. 532, and authorities cited; *Nowack* v. *Metropolitan St. Ry. Co.*, 166 N. Y. 433, 440.)

The judgment should be reversed and a new trial granted.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.