ROSE INN CORPORATION, Appellant, *v.* NATIONAL UNION FIRE INSURANCE COMPANY and Others, Respondents, and IMPORTERS AND EXPORTERS INSURANCE COMPANY and Another, Appellants.*

Third Department, May 8, 1930.

* Revg. 133 Misc. 440.

*Butler, Kilmer, Hoey & Butler* [*Charles L. Hoey* of counsel], for the appellant Rose Inn Corporation.

*Richards & Affeld* [*Frank Sowers* and *George Richards* of counsel], for the appellants Importers and Exporters Insurance Company and another.

*Ainsworth, Sullivan & Archibald* [*Charles B. Sullivan* of counsel], for the respondents.

HILL, J. Plaintiff's building and furniture were damaged by fire on March 5, 1928. The amount is not in dispute. The question to be determined is, was the property insured by policies issued by the Importers and Exporters Insurance Company for $6,000, and the American Eagle Insurance Company for $2,000, or had this insurance been replaced by four policies of $2,000 each, one issued by each of the following companies: National Union Fire Insurance Company, the London Assurance Corporation, Niagara Insurance Company and Importers and Exporters Insurance Company. Those issued by the first two companies have been referred to as the old policies and the others as the new policies.

The property insured was a summer hotel and furniture in Saratoga Springs. The Van Voast & Leonard Agency, Incorporated, represented twenty-five or more insurance companies at that place, and was the agent for all of the defendants, and had in its possession policies from all of these companies which it had authority to countersign, execute and deliver. When plaintiff became the owner of the insured property in 1925, insurance to the amount of $13,000 had been written by the Van Voast agency in companies represented by it, and plaintiff's vice-president requested that amount of insurance be kept in force. The agency undertook this commission. All changes thereafter, through cancellation or expiration of policies, were made by the agency without further instructions from the plaintiff. The companies were always selected by the agency, without the suggestion or knowledge of the plaintiff. When a company so requested, the office record of that policy was marked canceled without notice to the plaintiff. Plaintiff's account was credited with the unearned premium. At the same time a new policy in like amount was issued in another company, and plaintiff's account debited with the new premium. A manual exchange of policies was later made with the plaintiff. This course of conduct had been followed without variation from 1925 to February 28, 1928. On that date the American Eagle Company directed the agency to cancel its policy. Following the usual practice, a new policy of the London Assurance Corporation for a like amount was issued. A formal notice of cancellation was mailed to plaintiff

because of the temporary absence of its officers, but was not delivered before the fire. On March third following the agency was instructed by the Importers and Exporters Insurance Company to reduce its policy of $6,000 to $2,000. Again, following the usual practice, new policies of $2,000 each were issued in the Importers and Exporters Company, National Union Company and Niagara Company. The agent notified the companies on the date of the issuance of each of the new policies. The policies had not been exchanged at the time of the fire. The premiums upon the new policies were sent to the companies by the agency in the usual course, and were retained until the trial when an offer to return was made. Plaintiff claims under one set of policies only, and has brought this action in the alternative. (Civ. Prac. Act, § 211.)

We must decide whether the old policies were canceled, for the plaintiff did not intend to have both the new and old ones in force, and the Van Voast Company was not authorized to effect additional insurance, but only to maintain the amount at the original figure. (*Davis & Son, Ltd.*, v. *Russian Transport & Ins. Co.*, 182 App. Div. 668.) The policies each contained a provision that five days' written notice must be given if the company wished to cancel. This had not been done, and no tender of the unearned premium had been made. Unless the plaintiff consented, or waived the giving of the notice and the return of the unearned premium, the policies were not canceled. (*Buckley* v. *Citizens' Insurance Co.*, 188 N. Y. 399.) These provisions in the policy were for its benefit, and it could waive them. (Ins. Law, § 122; *Gately-Haire Co.* v. *Niagara Fire Insurance Co.*, 221 N. Y. 162.) If the Van Voast Company was plaintiff's agent, the old policies were canceled by consent. (*Buckley* v. *Citizens' Insurance Co., supra; Benedict* v. *Security Insurance Co.*, 147 App. Div. 810; 154 id. 938; affd., 214 N. Y. 701.) It could not be agent for the insured and insurer if there was a conflict of interests. (*New York Central Ins. Co.* v. *National Protection Ins. Co.*, 14 N. Y. 85; *Neuendorff* v. *World Mutual Life Ins. Co.*, 69 id. 389; *Empire State Ins. Co.* v. *American Central Ins. Co.*, 138 id. 446.) But it could if there was no conflict of interests and no incompatibility. (*Knauss* v. *K. B. Co.*, 142 N. Y. 70; *Rosenbaum* v. *Sarasohn*, 184 App. Div. 204.) The Van Voast Company was acting within the authority granted to it by the plaintiff in consenting to an immediate cancellation. It was acting within the general authority and special instructions of the old companies in effecting the cancellation. There was no incompatibility and no divergence of interest in this relation.

The agency had been authorized by the new companies to issue policies of insurance. There was no limitation that it not insure

property upon which insurance had been canceled by other companies. No bad faith or personal interest is shown, and it acted fully within the scope of its authority in issuing the new policies.

The United States Circuit Court of Appeals, in passing upon a similar issue has said (*May* v. *Hartford Fire Ins. Co.*, 297 Fed. 997, 998): "When the insured applies directly to an agent of several companies, and gets from him a promise of general and continuous protection against fire, it is indeed abundantly settled that the agent acts for both sides, and the courts have been at some pains to show that the apparent opposition of interest will not invalidate any substitutions he may make. Thus, if having underwritten the loss in some company which proves unwilling, such an agent accepts a cancellation and underwrites the risk in another company of which he is equally an agent, the courts enforce the substitution."

The Supreme Court of Ohio (*Johnson* v. *Insurance Co.*, 66 Ohio St. 6, 14), speaking of an agency for both insurer and insured, said: "This office he might properly undertake to perform, inasmuch as its performance did not conflict with his duties to the companies which he represented. He could not serve two masters whose interests were incompatible, but he could properly serve both parties so long as the duties were consistent."

Courts in other States have held a like doctrine. (*Hollywood Lumber & Coal Co.* v. *Dubuque Fire & Marine Ins. Co.*, 80 W. Va. 604; *Warren* v. *Franklin Fire Ins. Co.*, 161 Iowa, 440; *Dalton* v. *Norwich Union F. Ins. Co.*, [1919 Tex. Com. App.] 213 S. W. 230; *Allemania Fire Ins. Co.* v. *Zweng*, 127 Ark. 141, 145, 146; *Wilson* v. *Insurance Co.*, 90 Kans. 355, 358, 359; *Sterling Fire Ins. Co.* v. *Comision Reguladora*, 195 Ind. 29.)

Judgments in favor of the plaintiff and against the American Eagle Fire Insurance Company and in favor of the plaintiff and against the Importers and Exporters Fire Insurance Company should be reversed on the law and facts, and judgment rendered in favor of the plaintiff and against the London Assurance Corporation for $1,247.49, and against the defendant National Union Fire Insurance Company for $1,346.41, and against the defendant Niagara Fire Insurance Company for $1,346.41, each of the foregoing judgments being with costs in all courts, and against the Importers and Exporters Fire Insurance Company for $1,346.41, without costs, interest on damages in each instance being computed from June 28, 1928.

HINMAN, Acting P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Judgment in favor of the plaintiff and against the American Eagle Fire Insurance Company, and in favor of the plaintiff and

against the Importers and Exporters Fire Insurance Company, and for costs against each of the defendants, is reversed on the law and the facts, and judgment is directed in favor of the plaintiff and against the London Assurance Corporation for $1,247.49 and against the defendant National Union Fire Insurance Company for $1,346.41, and against the defendant Niagara Fire Insurance Company for $1,346.41, with one bill of costs in this court and in the court below against the foregoing three defendants and against the defendant Importers and Exporters Fire Insurance Company for $1,346.41, without costs, with interest on damages in each instance being computed from June 28, 1928.

This court disapproves of conclusions of law numbered one to seven inclusive; and findings of fact numbered 10 to 21, inclusive, contained in the findings proposed by defendants National Union, London Assurance and Niagara Fire Insurance Companies are reversed, and conclusions of law numbered I to VII proposed by defendants National Union, London Assurance and Niagara Fire Insurance Companies are disapproved.

This court makes the following new findings of fact, to wit, the findings of fact proposed by the defendants Importers and Exporters Fire Insurance Company and the American Eagle Fire Insurance Company, numbered sixth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth, and this court approves the conclusions of law proposed by such defendants numbered I to VIII inclusive.