Rose Inn Corporation, Respondent, *v.* National Union Fire Insurance Company et al., Appellants, and Importers and Exporters Insurance Company et al., Respondents, Impleaded with Another.

(Argued October 23, 1931; decided January 5, 1932.)

*Charles B. Sullivan* for appellants. The policies of the defendant-respondent insurance companies had not been validly canceled and were in effect when the fire occurred. (*Kamille* v. *Home Ins. Co.*, 129 Misc. Rep. 536; *Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608; *Gately-Haire Co.* v. *Niagara Ins. Co.*, 221 N. Y. 162; *Van Wein* v. *Insurance Co.*, 118 N. Y. 94; *Yoshimi* v. *Fidelity Fire Ins. Co.*, 99 App. Div. 69; *Partridge* v. *Milwaukee Mechanics Ins. Co.*, 13 App. Div. 519; *Stone* v. *Franklin Fire Ins. Co.*, 105 N. Y. 543; *Herman* v. *Niagara Fire Ins. Co.*, 100 N. Y. 411; *Ikeller* v. *Hartford Fire Ins. Co.*, 24 Misc. Rep. 136.)

*Charles L. Hoey* for plaintiff-respondent. When the agency charged to the plaintiff the premiums on the new policies from the date the policies by their written terms took effect, and in turn paid the premiums to those new companies, then as between those new companies and the plaintiff the premiums were paid to the new companies. (*Buckley* v. *Citizens Ins. Co.*, 188 N. Y. 399.)

*Frank Sowers* for defendants-respondents. Where instead of employing a broker the owner goes direct to an agent of insurance companies and gives him authority not simply to procure insurance, but also to maintain or keep up a stated amount of insurance on a specified property, and to select the companies, such employment empowers the agent on behalf of the owner to accept requested cancellations or reductions of insurance, to waive the five-day period of the standard cancellation notice, and to replace with other insurance in his own or other companies, all within the five days, and all without actual notice to the insured, and without awaiting a delivery of the new policy or policies to the insured. (*Pelaggi & Co.* v. *Orient Ins. Co.*, 102 Vt. 384; *Jackson* v. *Fire Association*, 47 Hun, 637; 122 N. Y. 665; *Sargent* v. *National Fire Ins. Co.*, 86 N. Y. 626; *May* v. *Hartford Fire Ins. Co.*, 297 Fed. Rep. 997; *Allemania*

*Fire Ins. Co.* v. *Zweng,* 127 Ark. 141; *Todd* v. *German Am. Ins. Co.,* 2 Ga. App. 789; *Hartford Fire Ins. Co.* v. *McKinley,* 74 Fla. 186; *Sterling Fire Ins. Co.* v. *Comision Reguladora,* 195 Ind. 29; *Warren* v. *Franklin Fire Ins. Co.,* 161 Iowa, 440; *Wilson* v. *Insurance Co.,* 90 Kan. 355; *Dibble* v. *Insurance Co.,* 70 Mich. 1; *Hamm Realty Co.* v. *New Hampshire Fire Ins. Co.,* 80 Minn. 139; 84 Minn. 336; *Ætna Ins. Co.* v. *Renno,* 96 Miss. 172; *Federal Ins. Co.* v. *Sydeman,* 82 N. H. 482; *Johnson* v. *North British Ins. Co.,* 66 Ohio St. 6; *Standard Leather Co.* v. *Insurance Co.,* 224 Penn. St. 178; *Dalton* v. *Norwich Union F. Ins. Co.,* 213 S. W. Rep. 230; *Shippers Compress Co.* v. *Northern Assur. Co.,* 208 S. W. Rep. 939; *Finley* v. *Western Empire Ins. Co.,* 69 Wash. 673; *Hollywood Lumber & Coal Co.* v. *Dubuque Fire & Marine Ins. Co.,* 80 W. Va. 604; *Schauer* v. *Queen Ins. Co.,* 88 Wis. 561.)

KELLOGG, J. An agency, representing many insurance companies, was intrusted by its principals with the possession of blank fire insurance policies, which it was authorized to fill out and countersign, and, when completed, to issue and deliver to applicants for insurance. The plaintiff acquired property upon which the agency had previously written insurance. The agency was thereupon instructed by the plaintiff to maintain for it the amount of insurance previously written. This amount in future was to remain the same, unless the plaintiff gave orders to increase it. The selection of the companies was left entirely to the agency; the plaintiff " wanted a certain amount of insurance; " that was all that it " was interested in." Thereafter the agency wrote policies for the plaintiff in companies of its own selection. When insuring companies notified the agency to cancel policies, the agency immediately marked them canceled upon its books, wrote policies in other companies, and sent the new policies to the plaintiff, with notices of cancellation of the old policies. The plaintiff

was fully aware of this practice and never rejected the new policies delivered to it. In the particular instance with which we are now concerned, the agency followed its previous practice. The agency received notices from certain of its principals, the respondents, to cancel their policies. It immediately marked them canceled on its books; wrote up new policies in other companies, the appellants; and mailed new policies together with notices of cancellation of the old, to the plaintiff. Before these notices and policies were actually received by the plaintiff, and, therefore, before the expiration of the five-day period for cancellation provided for in the old policies, its property was destroyed by fire. It is a principle of almost universal acceptance that where an assured has applied for insurance to an agent, having authority to write policies for many companies, has left to the agent the selection of the companies, with instructions to maintain the insurance in an amount stated, and the agent has undertaken so to act, the agent, upon notice from his companies to cancel, has power to waive for the assured the five-day period of cancellation, to cancel the policies at once, and immediately to write new policies in other companies for the assured, so that the new policies become at once effective. The following cases are a few among many in which the principle stated has been enunciated: *May* v. *Hartford Fire Ins. Co.* (297 Fed. Rep. 997, 998); *Sterling Fire Ins. Co.* v. *Comision Reguladora* (195 Ind. 29); *Federal Ins. Co.* v. *Sydeman* (82 N. H. 482, 486); *Schauer* v. *Queen Ins. Co.* (88 Wis. 561); *Pelaggi & Co.* v. *Orient Ins. Co.* (102 Vt. 384). The holding in this case that the old policies had been canceled and that the new policies had become effective, was unquestionably correct.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.