Burke, J.
This appeal presents the novel question of whether a principal is barred from recovery in an action against his special agent when his general agent is concurrently negligent.
*291 Plaintiffs Brown were engaged1 in the insurance business and also held 10 to 12 propertied for investment purposes. In May of 1967, plaintiffs sold their insurance business to defendant Poritzky, and as a condition of the sale, defendant was to be the exclusive insurance broker for the afore-mentioned properties. As his first order of business, defendant was to review plaintiffs’ existing insurance policies for the purpose of determining whether all the properties were properly covered. The investigation revealed that the premises in question, 911-913 Main Street, Peekskill, New York, were not covered by fire insurance. At about this time, plaintiff Brown sojourned to Florida for health reasons and appointed Arkawy, his son-in-law, as his general agent. It is conceded that Arkawy was in general charge of the real estate properties, his position encompassing the following duties: managing the property, arranging for insurance coverage, handling business transactions and supervising the checking account.
Upon discovery of the lack of fire insurance and pursuant to plaintiffs’ order to obtain insurance, defendant made two oral binders with separate insurance companies, only to have the binders canceled for reasons not relevant herein. Through an administrative error, the cancellations were misfiled and defendant failed to insure the properties in question. Periodically, Brown and Arkawy inquired of defendant as to the status of the properties and were assured everything was satisfactory. Brown specifically instructed Arkawy to check whether the premises were covered and relying upon defendant’s assurances, Arkawy never ascertained the status of the coverage. Defendant billed plaintiffs for his insurance services and there was some question at the trial as to the specificity and explicitness of the bills. That question was not resolved. In any event, Arkawy never discovered the fact that the defendant failed to procure the necessary insurance.
On July 24, 1968, some 14 months after the sale of the insurance business to Poritzky, the premises in question were damaged by fire. Brown processed his claim for the insurance proceeds and it was only then that the defendant discovered that the premises were not insured. Brown commenced suit against the defendant, alleging defendant was negligent in failing to obtain fire insurance coverage in the sum of $30,000. The case went to the jury and the trial court instructed the *292 jury that if either the plaintiffs or Arkawy were contributorily negligent, the verdict must be in defendant’s favor. In need of further instructions, the jury asked this question of the trial court: “ Is negligence on the part of Arkawy the same as on the part of the plaintiff! ” The trial court answered in the affirmative stating Arkawy’s “negligence is to be attributed to the plaintiff.” The jury returned a verdict in favor of the defendant and judgment was entered.
The Appellate Division reversed on the law holding that Arkawy’s negligence should not be imputed to Brown so as to bar Brown’s recovery in an action against the defendant and ordered a new trial. Pursuant to CPLR. 5601 (subd. [c]) defendant stipulated that upon affirmance, judgment absolute was to be entered against him.
Necessarily involved in the resolution of this case are basic tenets of the principal-agent relationship with one unusual twist: that is, when a principal sues his special agent on the theory of negligence, does the concurrent negligence of the principal’s general agent preclude his recovery from the special agent. The rule is well established that a principal is vicariously liable for the torts committed by his agent in the course of the employment.* (Gleason v. Seaboard Ry., 278 U. S. 349; Nowack v. Metropolitan St. Ry. Co., 166 N. Y. 433; Willis v. Metropolitan St. Ry. Co., 76 App. Div. 340; Restatement, 2d, Agency, § 219; 2 N. Y. Jur., Agency, § 255; for history of the doctrine of vicarious liability, see W. Prosser, The Law of Torts [4th ed., 1971], pp. 458-459.) The agent is personally responsible to the principal and the latter may recover from the agent for the agent’s negligence (Barile v. Wright, 256 N. Y. 1). However, the agent’s negligence bars a principal’s recovery in a suit against a third party (Gochee v. Wagner, 257 N. Y. 344; Brickell v. New York Cent. & Hudson Riv. R. R. Co., 120 N. Y. 290; Wood v. Coney Is. & Brooklyn R. R. Co., 133 App. Div. 270). When the agent is a defendant in a suit brought by his *293 principal, the agent cannot impute his negligence to the principal (Urquhart v. McEvoy, 204 Misc. 426; see Shakee v. Shaker, 129 Conn. 518; Alderman v. Noble, 296 Mass. 30; 2 Harper and James, The Law of Torts [1956], § 23.7, p. 1277) and the principal’s suit may be barred by his own contributory negligence (Restatement, 2d, Agency, § 415, comment b; see, e.g., Capitola v. Minneapolis, St. Paul & Sault Ste. Marie R. R. Co., 258 Minn. 206; Schustrin v. Globe Ind. Co. of N. Y., 44 N. J. Super. 462). The application of the doctrine of imputed contributory negligence is the crux of this case—defendant Poritzky, the special agent, seeks to impute the general agent’s negligence to Brown, thus barring Brown’s suit. For the reasons that follow, we do not adopt defendant’s view and, therefore, we affirm the judgment of the Appellate Division.
Though the question is one of first impression in New York, several other jurisdictions have grappled with this problem with divergent results. In Zulkee v. Wing (20 Wis. 408) a servant sued his master for services rendered in logging operations. The master counterclaimed for the value of two horses which had been killed when, through the alleged negligence of the servant, a tree fell on them. To defeat the counterclaim, the servant set up the negligence of another one of the master’s employees, whose alleged carelessness also contributed to the accident. The instruction of the trial court was that the other employee’s negligence was that of the master’s, in effect, making the master contributorily negligent. On appeal, the verdict in favor of the plaintiff servant was reversed, the Wisconsin court holding that the imputation of negligence to the master was inapplicable in these circumstances, and the negligence of the other employee did not bar the master’s recovery against the plaintiff servant. (Accord, Patterson v. Brater, 225 Mich. 297; Raney v. Lachance, 96 Mo. App. 479; cf. Buhl v. Viera, 328 Mass. 201.)
Minnesota adopted the contrary approach in Capitola v. Minneapolis, St. Paul & Sault Ste. Marie R. R. Co. (258 Minn. 206, supra). There, the defendant railroad owned both engines involved in a head-on collision. Plaintiff, a fireman on one of the trains, sued the railroad for damages. The railroad counterclaimed for damages due to the plaintiff’s negligence and the Supreme Court of Minnesota held that the negligence of *294 defendant’s engineers barred the defendant’s counterclaim, thus imputing their negligence to the defendant railroad. (Accord, Insurance Co. of North Amer. v. Anderson, 92 Idaho 114.)
Under the circumstances presented in the case at bar, we deem the Wisconsin approach to be the more salutary one. As stated earlier, Brown sold his insurance business to Poritzky and as a condition of the sale, Poritzky was to be the exclusive insurance broker for Brown’s real estate holdings. There is no doubt that Poritzky in his role as special agent (Skutt, Inc. v. Goodwin, Ltd., 251 App. Div. 84, 87; Restatement, 2d, Agency, § 3, subd. [2]), “was obligated to exercise reasonable diligence to protect the interests of plaintiffs by insurance ”. (MacDonald v. Carpenter & Pelton, 31 A D 2d 952, 953. See Joseph, Inc. v. Alberti, Carleton & Co., 225 App. Div. 115, affd. 251 N. Y. 580.) The plaintiffs, who the record shows were themselves free from contributory negligence, had every right to rely upon defendant’s assurances that the premises would be covered (Spiegel v. Metropolitan Life Ins. Co, 6 N Y 2d 91, 95) and their cause of action should not be defeated by the general agent’s concurrent negligence. Furthermore, a principal suing his agent does not have imputed to him the agent’s negligence (Urquhart v. McEvoy, 204 Misc. 426, supra; 2 Harper and James, The Law of Torts, § 23.7, p. 1277, supra) and no cogent reason has been advanced to extend the doctrine of imputed contributory negligence to a situation as in the instant case where a principal is victimized by two careless agents. Sound policy dictates that a special agent who breaches a duty owed to his principal should not be insulated from liability by the fortuitous happenstance of a general agent’s concurrent negligence. The rule espoused in Zulkee v. Wing (20 Wis. 408, supra) makes eminent sense in its application to the instant case, with the result that a principal should not be remediless against two negligent agents.
Accordingly, the order appealed from should be affirmed and judgment absolute entered against the defendant with the case remanded to the trial court for an assessment of damages.
Chief Judge Ftjld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed, with costs, and judgment absolute granted in favor of respondents.

In many of the cases cited herein, the relationship involved was one of master-servant rather than principal-agent. Since the tort liability of both the master and principal stems from the respondeat superior doctrine, the distinction between the master-servant and principal-agent relationships is not drawn in the instant ease. (See Restatement, 2d, Agency, § 212 et seq., [1958]; 3 Am. Jur. 2d, Agency, § 267, pp. 631-632.)