Stephen J. DiLORENZO and Helinda DiLorenzo, Plaintiffs,

v.

**EDWARD HOLLE INSURANCE AGENCY, Louis Carletto and the Travelers Indemnity Company, Defendants.**

**No. 89 Civ. 2982 (RPP).**

United States District Court,
S.D. New York.

April 18, 1990.

Bragar & Wexler, by Paul D. Wexler, New York City, for plaintiffs.

Speyer & Perlberg, by Richard Freilich, Melville, N.Y., for defendant Travelers Indem. Co.

Gager & Henry, by William T. Blake, Waterbury, Conn., for defendants Edward Holle Ins. Agency and Louis Carletto.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiffs have sued defendants for negligence and breach of contract with respect to an excess liability insurance policy issued by defendant Travelers Indemnity Company ("Travelers"). In their complaint, plaintiffs claim that defendants are liable for a $200,000 gap in coverage between the Travelers policy and plaintiffs' primary liability policy. Travelers has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs have cross-moved for summary judgment on the first and second causes of action of the complaint.[1]

### I. FACTS

In 1983, Travelers issued a PLUS excess liability insurance policy to plaintiffs Stephen and Helinda DiLorenzo. The policy was renewed annually through November 18, 1986. The parties dispute the events leading up to the issuance of the policy, but the following facts appear to be undisputed.

Defendant Louis Carletto is an insurance broker employed by the Edward Holle Insurance Agency ("Holle"), which is a sole-proprietorship operated by defendant Edward Holle and an authorized agent of Travelers. Before 1983, Holle, acting through Carletto, had sold at least one other insurance policy to plaintiffs. In or about September 1983, plaintiff Stephen DiLorenzo, after discussions with Carletto, submitted to Holle a written application for a Travelers PLUS excess liability policy on the Travelers application form. The policy for which Mr. DiLorenzo applied was an umbrella policy that would insure plaintiffs for liability on their home and two automobiles up to $1,000,000, subject to certain deductible amounts. The application contained the following language:

> This policy is subject to the deductible amounts shown below. It is understood and agreed by the insured that primary insurance policies applicable to all exposures listed in Item 3 must be maintained with limits equal to or greater than the deductible amounts. Failure to do so will result in a serious gap in coverage.
>
> Auto Liability      $300,000 each occurrence
> All Other Liability      $100,000 each occurrence
>
> If the insured maintains primary auto insurance with limits of $250,000/$500,000 bodily injury and $25,000 property damage, then the deductible amount applicable to auto liability shall be such limits.

Mr. DiLorenzo signed the application form directly below a declaration that he had read the application and understood the applicable deductible amounts. Holle forwarded the application to Travelers. After normal processing, Travelers issued the umbrella policy for which Mr. DiLorenzo had applied. Holle did not participate in the underwriting of the policy.

In language identical to the above-quoted portion of the application form, Item 6 of the Declarations page of the Travelers policy issued to plaintiffs stated that the policy was subject to a deductible of "$300,000 each occurrence" for automobile liability. Following 1983, the DiLorenzos received

---

1. Plaintiffs have also moved pursuant to Fed.R. Civ.Proc. 15 to amend the complaint to change the designation of defendant Edward Holle Insurance Agency to Edward Holle d/b/a Edward Holle Insurance Agency. Since the defendants do not oppose this aspect of plaintiffs' motion, it is granted.

annual policy renewal notices for their Travelers PLUS excess liability policy, each of which contained language stating:

> Important reminder—your PLUS policy provides excess insurance. You must maintain underlying insurance policies with limits at least equal to the PLUS policy deductible amounts in order to avoid a serious gap in coverage.

Since 1980, plaintiffs had purchased primary automobile liability insurance from a different insurer, Allstate Insurance Company ("Allstate"). Plaintiffs had not obtained this policy through Holle or Carletto. The Declaration Sheet for the plaintiffs' Allstate policy indicated that that policy provided coverage of $100,000 each person and $300,000 each occurrence.

In August, 1986, plaintiffs' car was involved in an accident which resulted in serious injury to one Dawn Keske. Ms. Keske filed a lawsuit in New York Supreme Court against Mr. DiLorenzo. After a jury verdict of liability on the part of Mr. DiLorenzo, the parties to that action settled the damages issue for an amount in excess of $764,000. Allstate contributed $100,000 pursuant to plaintiffs' primary automobile liability policy, while Travelers disclaimed liability for any amounts below $300,000, resulting in a gap of $200,000 in plaintiffs' coverage. This lawsuit followed.

In an affidavit submitted in connection with this motion, Mr. DiLorenzo states that, before he submitted the application for the Travelers policy, Carletto had represented to plaintiffs that the policy would give them coverage of up to $1,000,000 for their automobiles. In an affidavit of his own, Carletto states that neither he nor Holle ever advised plaintiffs that they were buying full insurance coverage on their automobiles up to $1,000,000. Mr. DiLorenzo also contends that plaintiffs gave Carletto a copy of their Allstate insurance policy Declarations Sheet, and that Carletto

told them that there appeared to be no problem with coverage. Carletto denies that plaintiffs ever gave him their Allstate policy or any portion of it.[2]

Travelers now moves for summary judgment dismissing plaintiffs' claims against it or, in the alternative, summary judgment on its cross-claim against Holle and Carletto for indemnification. Plaintiffs cross-move for summary judgment in their favor on their claims against Holle and Carletto.

## II. DISCUSSION

Summary judgment under Fed.R.Civ.P. 56 will be granted only if the movant shows that (1) there is no genuine issue as to any material fact, and (2) movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding a motion for summary judgment, the "fundamental maxim" is that the court " 'cannot try issues of fact; it can only determine whether there are issues to be tried.' " *Donahue v. Windsor Locks Bd. of Fire Comrs*, 834 F.2d 54, 58 (2d Cir.1987) (quoting *Heyman v. Commerce & Industry Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975)). "Moreover, in determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the moving party." *Id.* at 57.

With respect to Count I of the complaint, which alleges that defendants Holle and Carletto were negligent in obtaining the coverage requested by plaintiffs, there are unresolved issues of fact which preclude the entry of summary judgment. An insurance broker, such as Holle and Carletto, must act with reasonable care in obtaining insurance for the insured. 68 New York Jurisprudence 2d *Insurance* § 440 at

---

**2.** In their motion papers, Holle and Carletto raise certain objections to Mr. DiLorenzo's affidavit and ask that it be disregarded and stricken. Rather than take this extreme measure, the Court has disregarded the argumentative statements, statements of opinion, legal conclusions in the affidavit. Holle and Carletto also object

to the inclusion as part of Mr. DiLorenzo's affidavit a transcript of a telephone conversation which plaintiffs allege took place between Mr. DiLorenzo and Carletto. The Court has not considered the transcript in its decision on the present motions.

545–46 (1989); *Neil Plumbing & Heating Construction Corp. v. Providence Washington Insurance Co.*, 125 A.D.2d 295, 508 N.Y.S.2d 580 (2d Dept.1986); *MacDonald v. Carpenter & Pelton, Inc.*, 31 A.D.2d 952, 298 N.Y.S.2d 780 (2d Dept.1969); *Blonsky v. Allstate Insurance Co.*, 128 Misc.2d 981, 491 N.Y.S.2d 895, 897 (1985). *See also Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 266 (7th Cir.1986) (applying Illinois law). Whether a person acted reasonably is an issue of fact for the jury. Since the parties dispute whether Holle and Carletto were the agents of Travelers or of plaintiffs, whether plaintiffs asked Carletto to obtain continuous coverage up to $1,000,000, rather than an excess policy providing coverage only over and above $300,000, and whether Carletto was made aware of the applicable limits of the Allstate policy, the Court cannot hold as a matter of law that Holle and Carletto did or did not fulfill their duty to act with reasonable care. Accordingly, plaintiffs' cross-motion for summary judgment is denied as to Count I of the complaint.

■ With respect to Count II of the complaint, which alleges that Holle and Carletto breached a contract with plaintiffs to obtain continuous coverage up to $1,000,000, summary judgment is also inappropriate. The parties dispute whether they ever made such an agreement. While Mr. DiLorenzo asserts in his affidavit that plaintiffs asked Carletto to obtain a policy that would provide full automobile insurance coverage up to $1,000,000, Carletto, in his affidavit, categorically denies that plaintiffs ever made such a request. Whether the alleged contract ever existed, then, is in dispute and Count II cannot be decided as a matter of law. Plaintiffs' motion for summary judgment, then, is also denied as to Count II of the complaint.

■ Count III alleges that Travelers breached a duty and a contract with plaintiffs by issuing the excess insurance policy when it knew or should have known that the underlying Allstate policy was insufficient. Plaintiffs have come forward with no evidence that Travelers knew anything at all about the Allstate policy, and the language of the Travelers policy is clear and unequivocal that it is the duty of the insured, not Travelers, to maintain adequate underlying coverage. Nor have plaintiffs cited any authority for the proposition that Travelers had a duty to determine the sufficiency of plaintiffs' underlying coverage or to discover the gap in coverage. Indeed, in *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d at 274 (applying Illinois law), cited by plaintiffs, the court stated "[a]n insurer ... does not have the duty of reviewing the adequacy of an insured's coverage, even when it knows of facts that indicate that the coverage is inadequate." Finally, plaintiffs do not dispute that Travelers issued the policy for which, with the help of Holle and Carletto, they applied.

Plaintiffs argue, however, that the Travelers policy's requirement of primary coverage of "$300,000 each occurrence" is ambiguous, because it is unclear whether this requirement is met by plaintiffs' Allstate policy, which provided coverage in the amount of "$100,000 each person—$300,000 each occurrence."[3] However, even reading this ambiguity in plaintiffs' favor does not make Travelers liable under its policy, since Travelers is only obligated by the terms of its policy to pay for damages in excess of the "minimum retained limit." The "minimum retained limit" is, in this case, $300,000.[4] Thus, whether plaintiffs are held to have met the deductible requirement or not, Travelers is still only liable under the policy for damages in excess of

**3.** Plaintiffs did not make this argument in their motion papers. It instead arose from comments made by the Court during oral argument.

**4.** "Minimum retained limit" is defined as "the greater of:
1. The total limits of any other insurance available that applies to the *occurrence;* or

2. The applicable deductible amount shown in Item 6 of the Declarations."
Item 6 of plaintiffs' Declarations states that the deductible amount for auto liability is $300,000. Since this amount is greater than the total limits of any other insurance available for this occurrence, $300,000 is the "minimum retained limit."

$300,000, and are not contractually obligated to pay for the $200,000 difference between Allstate's obligation under its policy and the minimum retained limit of the Travelers policy. Accordingly, as to Count III of the complaint, Travelers' motion for summary judgment is granted.

 In Count IV of the complaint, plaintiffs allege that Travelers is vicariously liable for the negligence of Holle and Carletto. The parties agree that an insurance broker can be the agent for both the insurer and the insured, *Rose Inn Corp. v. National Union Fire Insurance Co.*, 229 A.D. 349, 243 N.Y.S. 249 (3d Dept.1930), *aff'd*, 258 N.Y. 51, 179 N.E. 256 (1932), and that the insurer may be held liable for the acts of its agent committed in the course of the agency. *See Neil Plumbing & Heating Construction Corp. v. Providence Washington Ins.*, 508 N.Y.S.2d at 582, citing *Brown v. Poritzky*, 30 N.Y.2d 289, 332 N.Y.S.2d 872, 283 N.E.2d 751 (1972). Travelers argues that it cannot be held liable for the acts of Holle and Carletto because their acts in this case were not within the scope of their agency relationship with Travelers. The facts necessary to determine Travelers' liability, however, are in dispute. The parties have submitted affidavits which disagree, for example, over what actions Holle and Carletto took, and whether they were acting as agents for plaintiffs or Travelers when they took those actions. Accordingly, summary judgment is inappropriate at this time as to Count IV of the complaint.

 Finally, Travelers argues that it should be granted summary judgment on its cross-claim for indemnification against Holle and Carletto if it is found to be liable to plaintiffs. Under Connecticut law,[5] in order to be entitled to indemnity, one must establish that (1) the other tortfeasor was negligent, (2) the other tortfeasor's negligence was the immediate cause of the injury, (3) the other tortfeasor was in control of the situation to the exclusion of the party seeking indemnity, and (4) the party seek-

ing indemnity was unaware of the negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. *Kaplan v. Merberg Wrecking Corp.*, 152 Conn. 405, 415, 207 A.2d 732 (1965). Issues of fact exist with respect to these requirements and, accordingly, Travelers' motion for summary judgment on its cross-claim for indemnification is denied.

### III. CONCLUSION

Travelers' motion for summary judgment is granted in part and denied in part. Plaintiffs' cross-motion for summary judgment is denied in its entirety. Plaintiffs' motion to amend the caption is granted.

SO ORDERED.

---

5. Travelers does not dispute Holle and Carletto's argument that Connecticut law applies to the indemnification issue in this case.