09-5110-cv
Guzman v. United States of America

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand and ten.

PRESENT: JON O. NEWMAN,
GUIDO CALABRESI,
RICHARD C. WESLEY,
*Circuit Judges.*

---

ISABELLE GUZMAN,

*Plaintiff-Appellant,*

-v.-                                           09-5110-cv

WACKENHUT CORPORATION,

*Defendant-Appellee,*

UNITED STATES OF AMERICA, L-3 COMMUNICATIONS, SECURITY DETECTION SYSTEMS CORPORATION,

Defendants.*

---

*The Clerk of the Court is directed to amend the official caption to conform with the caption above.

FOR APPELLANT:      GREGORY   R.   PRESTON,   Preston, Wilkins, Martin & Rodriguez, PLLC, New York, NY.

FOR APPELLEE:      BRENDAN T. FITZPATRICK, Ahmuty, Demers & McManus, Albertson, NY.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.)*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED and REMANDED.**

Plaintiff-Appellant, Isabelle Guzman appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*), which granted summary judgment in favor of Defendant-Appellee Wackenhut Corporation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[1]

Under New York Law, a plaintiff seeking recovery for personal injuries under a negligence theory must show duty, breach, actual and proximate causation, and damages. *Williams v. Utica College of Syracuse Univ.*, 453 F.3d 112,

---

[1] Plaintiff, Guzman, sued the United States of America as owner and operator of the Statue of Liberty and Liberty Island thus invoking the district court's jurisdiction. 28 U.S.C § 1346(b). Claims against other defendants, including Wackenhut Corporation, were included pursuant to the district court's supplemental jurisdiction. 28 U.S.C § 1367. The United States is no longer party to this action. Plaintiff's remaining negligence action against Wackenhut is a matter of New York State law. We review *de novo* a grant of summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).

1

116 (2d Cir. 2006). An existence of a duty of care is usually a question of law for the court. *Palka v. Servicemaster Mgmt. Serv. Corp.*, 83 N.Y.2d 579, 585 (1994). It is for the fact-finder to determine whether the duty was breached and, if so, whether the breach was the proximate cause of plaintiff's injury. *Id.*

Wackenhut is an independent contractor, hired by the National Park Service ("NPS") to provide security services at the Statute of Liberty. As the district court correctly noted, a contractor generally does not owe an independent tort duty of care to a non-contracting third party. *Espinal v. Melville Snow Contractors Inc.*, 98 N.Y.2d 136, 138—139 (2002); *see also Church v. Callanan Industries, Inc.*, 99 N.Y.2d 104, 111 (2002).

However, there are three circumstances in which a duty of care to non-contracting third parties may arise out of a contractual obligation or the performance thereof: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm," *Espinal*, 98 N.Y.2d at 140, or, stated differently, "negligently creates or exacerbates a dangerous condition;" *id.* at 141—42; "(2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the

2

contracting party has entirely displaced the other party's duty to maintain the premises safely," *id.* at 140 (internal quotations and citations omitted); *see also Church*, 99 N.Y.2d at 111 (describing the first *Espinal* exception as applying to circumstances "where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk").

We conclude that Guzman's claim against Wackenhut for the negligent operation and supervision of the x-ray machine is viable under the first *Espinal* exception. Wackenhut was employed, among other things, to operate the x-ray machines at the Statue of Liberty. The protocol that NPS developed to clean the machines required Fedcap employees, like Guzman, to hold a rag on the x-ray machine's conveyor belt while the belt was moving. To facilitate this process, Wackenhut employees, at the request of Fedcap employees, would activate the conveyor belt and turn it off after cleaning was completed. Guzman was injured while executing this protocol. The Wackenhut employee started the conveyor belt, running it in Guzman's direction, and then left the controls to retrieve a log book to mark down that the machine was cleaned. At that moment, Guzman's hand became

3

caught between the conveyor belt and the first metal roller.

While executing the cleaning protocol in cooperation with Guzman, the Wackenhut employee controlled, and was capable of launching, a potential instrument of harm. *Espinal*, 98 N.Y.2d at 140. As the one responsible for starting and stopping the machine while Guzman cleaned the conveyor belt, the Wackenhut employee was in a position to create or increase an unreasonable risk of harm to Guzman. *See Church*, 99 N.Y.2d at 111. Under these circumstances, Wackenhut owed a duty to Guzman to operate the conveyor belt with reasonable care. Therefore, the district court's grant of summary judgment on the ground that Wackenhut owed Guzman no duty of care was incorrect.[2]

Moreover, we disagree with the district court to the extent it suggested that there exist alternative grounds for granting summary judgment, namely that there are no facts to suggest that Wackenhut breached its duty of care or that such breach caused Guzman's injuries. Under New York law, breach and proximate cause are questions for the finder of fact. *See Palka*, 83 N.Y.2d at 585. Guzman's expert raises

---

[2] Wackenhut corporation is liable for any negligence of its employee arising from acts committed within the scope of the employee's employment. *Brown v. Poritzky*, 30 N.Y.2d 289 (1972). There is no dispute that the Wackenhut employee was acting within the scope of his employment.

4

issues of material fact as to whether, by turning the belt on in her direction and/or by stepping away from the controls while Guzman cleaned the belt, the Wackenhut employee created an unreasonable risk of harm, thereby breaching its duty of care, and whether those alleged breaches caused Guzman's injuries. The existence of these issues of material fact render summary judgment improper. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). Accordingly, we remand to the district court for further proceedings consistent with this Order.

For the foregoing reasons, the judgment of the district court is hereby **VACATED and REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5