SUMMARY ORDER
Appellant Jonathan Flaxer, in his capacity as Chapter 11 trustee (the “Trustee”) of Lehr Construction Coip. (“Lehr”), appeals from a judgment of the district court, which affirmed an order of the U.S. Bankruptcy Court for the Southern District of New York granting appellee Peter Gif-ford’s motion to dismiss the Trustee’s faithless servant claim. We assume the parties’ familiarity with the underlying *68 facts, the procedural history of the case, and the issues on appeal.
In 2010, the Manhattan District Attorney’s Office discovered that Lehr was systematically overbilling its clients. Public disclosure of thé investigation led Lehr to file for Chapter 11 bankruptcy in February 2011. In May 2011, a grand jury indicted Lehr and several of its employees, and Lehr was subsequently convicted on thirteen counts, including enterprise corruption, a scheme to defraud, and grand larceny. Gifford was not indicted, though he entered into a cooperation agreement with the Manhattan District Attorney’s Office. In February 2013, the Trustee brought a faithless servant claim against Gifford under New York common law, seeking to disgorge more than $1.2 million in compensation and legal fees based on Gifford’s participation in the fraud. Gifford filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), asserting, inter alia, the affirmative defense of in pari delicto. The bankruptcy court granted the motion on the basis that the Trustee was in pari delicto with Gif-ford. The district court affirmed on the same ground.
On appeal, the Trustee contends that an employee may not impute his conduct to his principal to defend against the principal’s claims and thus may'not assert in pari delicto as a defense against his employer. Instead, according to the Trustee, only third parties may invoke principles of imputation and the defense of in pari de-licto to defend against claims brought by a principal. To hold otherwise, the Trustee contends, would be irreconcilable with New York’s faithless servant doctrine, which entitles a principal to disgorge a disloyal agent’s compensation regardless of whether the agent’s “services were beneficial to the principal.” Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 394 N.Y.S.2d 626, 363 N.E.2d 350, 351 (1977); see also Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 200 (2d Cir. 2003).
“A district court’s order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court.” In re Cacioli, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). We review the grant of a motion for judgment on the pleadings made pursuant to Rule 12(c) de novo, “accepting] all factual allegations in the complaint as true and drawing] all reasonable inferences in plaintiffs favor.” In re Thelen LLP, 736 F.3d 213, 218 (2d Cir. 2013). The Court may consider affirmative defenses on the basis of the pleadings, so long as “the defense appears on the face of the complaint.” Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation mark omitted).[1]
The Trustee’s argument that in pari delicto and imputation arise only in the context of a principal’s claim against a third party is belied by New York law. As the New York Court of Appeals recently emphasized, “a fundamental principle that has informed the law of agency and corporations for centuries” is that “the acts of agents ... are presumptively imputed to their principals.” Kirschner v. KPMG LLP, 15 N.Y.3d 446, 912 N.Y.S.2d 508, 938 N.E.2d 941, 950 (2010). “[A]ll corporate acts—including fraudulent ones—are subject to the presumption of imputation.” Id. at 951. A narrow exception to the presumption of imputation is the adverse br- *69 terest exception, “where the corporation is actually the victim of a scheme undertaken by the agent to benefit himself or a third party personally, which is therefore entirely opposed (i.e., ‘adverse’) to the corporation’s own interests.” Id, at 952. “Fraud on behalf of a corporation is not the same thing as fraud against it, and when insiders defraud third parties for the corporation, the adverse interest exception is not pertinent.” Id. (internal quotation marks and citation omitted). Moreover, the defense of in pari delicto, which “mandates that the courts will not intercede to resolve a dispute between two wrongdoers,” “applies even in difficult cases and should not be ‘weakened by exceptions.’” Id. at 950 (quoting McConnell v. Commonwealth Pictures Corp., 7 N.Y.2d 465, 199 N.Y.S.2d 483, 166 N.E.2d 494, 497 (1960)).
While Kirschner involved claims against third parties, we are not free to disregard the breadth of the New York Court of Appeals’ language, nor its stated intent to “remove any lingering confusion” regarding the principles of in pari delicto and imputation “to the extent [its] law had become ambiguous.” Id. at 959. Moreover, contrary to the Trustee’s position, New York courts applying Kirschner have dismissed employers’ claims against their employees on the basis of an in pari delicto defense. See Teneyck, Inc. v. Rosenberg, 39 Misc.3d 194, 957 N.Y.S.2d 845, 847-48 (N.Y. Sup. Ct. 2013), aff'd, 111 A.D.3d 529, 975 N.Y.S.2d 335 (2013); Mosionzhnik v. Chowaiki, 41 Misc.3d 822,972 N.Y.S.2d 841, 847-48 (N.Y. Sup. Ct. 2013).[2] Accordingly, we reject the Trustee’s contention that employees are categorically barred from asserting an in pari delicto defense against their employers.[3] Nor does the adverse interest exception avail the Trustee, because the fraud in which Gifford participated was committed on behalf of Lehr and not against it. See Kirschner, 912 N.Y.S.2d 508, 938 N.E.2d at 952.
As for the Trustee’s contention that allowing an employee to assert an in pari delicto defense against his employer inherently conflicts with the faithless servant doctrine, such conflict would appear to arise only where the basis for the in pari delicto defense is the imputation of the defendant’s misconduct. That is not the case here where the basis for the in pari delicto defense was Lehr’s conviction on thirteen felony counts for a scheme that was overseen by Gifford’s superiors—including several Lehr officers and department heads—and for which Gifford was not convicted. Cf. Teneyck, Inc., 957 N.Y.S.2d at 848 (applying in pari delicto defense to faithless servant claim where *70 the plaintiff corporation had been convicted of the same crime for which it sought to hold the defendant-agent accountable). Thus, we need not resolve under which circumstances, if any, an employee may assert an in pari delicto defense against his employer when the defense is based solely on imputation of his own misconduct.
The Trustee also appears to rely on federal bankruptcy law for the proposition that there is an “insider” exception to an in pari delicto defense. But even assuming that New York courts recognize or would recognize the federal exception—a question we do not resolve—it would not apply here because Gifford was not an “insider” of Lehr in the relevant sense. See, e.g., In re Bernard L. Madoff Inv. Sec. LLC, 458 B.R. 87, 123 (Bankr. S.D.N.Y. 2011) (“[I]t is well established that the ... in pari delicto rules do not apply to actions of fiduciaries who are insiders in the sense that they either are on the board or in management, or in some other way control the corporation.” (internal quotation marks omitted)).
Finally, the courts below committed no error in denying Lehr leave to amend. See Grullon v. City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013) (“Leave to amend may properly be denied if the amendment would be futile.” (internal quotation marks and alteration omitted)). Though Lehr contends that it could plead facts showing that it was less culpable than Gifford—such that in pari delicto would not apply—any such argument would fail on the facts of this case.[4]
We have considered the Trustee’s remaining arguments and find in them no basis for reversal. Accordingly, we AFFIRM the judgment of the district court.

. In deciding the Rule 12(c) motion, the bankruptcy court took judicial notice of documents relating to the underlying criminal proceedings against Lehr and its employees. The Trustee does not argue that these documents were not properly before the courts below.

. The Trustee filed a motion requesting that the Court take judicial notice of the briefs filed in Teneyck and another case for purposes of verifying the Trustee’s contention that certain arguments were not raised in those cases. Though Gifford opposes the Trustee’s motion, he does not dispute that those arguments were not raised in those cases. Because the point is undisputed, we deny the motion as moot,

. The Trustee’s position on the application of imputation is drawn from §§ 5.03 and 5.04 of the Restatement (Third) of Agency. See Restatement (Third) Of Agency §§ 5.03-04 (2006). But we are bound in this case to apply the law of New York, not the law of the Restatement. The Trustee, in his reply brief, cites Brown v. Poritzky, 30 N.Y.2d 289, 332 N.Y.S.2d 872, 283 N.E.2d 751 (1972), overruled on other grounds, Lusenskas v. Axelrod, 81 N.Y.2d 300, 598 N.Y.S.2d 166, 614 N.E.2d 729 (1993), for the proposition that “[w]hen the agent is a defendant in a suit brought by his principal, the agent cannot impute his negligence to the principal.” Id. at 753. Brown is readily distinguishable from the instant circumstances, however, because it was concerned with the imputation of negligent conduct—not intentional wrongdoing—and because it did not involve a defense of in pari delicto.

. In light of the foregoing analysis, certification to the New York Court of Appeals, as the Trustee requests in the alternative, is not warranted in this case.